**ELMER ROLLO v. J. T. WIGGINS, as Mayor of the Town of Milton, and Judge of the Municipal Court of the Town of Milton, Florida.**

5 So. (2nd) 458                                    En Banc
January 9, 1942.

T. Franklin West and Philip D. Beall, for plaintiff in error.

Caldwell & Wigginton, for defendant in error.

BUFORD, J.:

Writ of error brings for review order quashing writ of prohibition and dismissing petition and rule to show cause theretofore entered in the cause.

The record shows that Elmer Rollo, being charged in five complaints in the Municipal Court of the Town of Milton involving alleged infraction of the ordinances of said Town and growing out of the difficulty between Rollo and one Perry, a night-watchman of the Town, by affidavits made by Perry, furnished bond for his appearance in the municipal court.

Thereupon he filed suggestion in the Circuit Court of the First Judicial Circuit of Florida for writ of prohibition to be directed to J. T. Wiggins as Mayor of the Town of Milton and Ex-officio Judge of the Municipal Court of said Town, to restrain the said Wiggins as Mayor and Ex-officio Judge of the Municipal Court of said Town from requiring the said Rollo to stand trial before him as Judge and, inter alia, alleged:

"That according to the custom and practice of the Municipal Court of the Town of Milton, both the Mayor of said Town, the mayor now being Honorable J. T. Wiggins, and the Town Marshall who is the arresting officer, and main presecuting witness, in all cases and trials which are held by said Municipal

Court, obtain fees which are paid by the defendants, in the event the defendant is convicted, in conformity with Ordinance No. 302, and Ordinance No. 317, copies of which are hereto attached, and prayed to be made a part hereof as if set out haec verba, which are marked petitioner's exhibits Nos. 6 and 7.

That by the Statutes of Florida and by the general jurisprudence of Florida no person who is interested in the result of a cause shall sit or preside as Judge in any such cause; and that the compensation of the Mayor of the Town of Milton as to the trial of causes in the Mayor's Court is solely and only a fee of $1.00 for each case where a conviction is had, and in the event that no conviction is had no fee is paid, and it is the rule and the custom of said town to pay said fee only from funds collected from defendants who have been convicted in said court. That under the case of Tuney v. Ohio, Supreme Court, U. S. 71 L. Ed. page 749, 273 U. S. 510, it is held that the Mayor of a city who can receive fees or costs in respect to cases only in which there is a conviction and same are paid by defendant if convicted is, as a matter of law, disqualified."

The respondent filed his answer to the rule to show cause in which, inter alia, he said:

"That he admits the allegations contained in paragraphs 1 and 2 of the Petition, with the exception of subparagraph (c) of paragraph 1, which is denied.

"2. Answering paragraph 3, your respondent admits that the compensation paid to him for the trial of criminal cases in the Mayor's Court of the Town of Milton, Florida, is the sum of $1.00 in each case where a conviction is had, which compensation is paid out of the costs collected from the defendant. That he

is without knowledge as to the remaining allegations contained in said paragraph 3 of the Petition.

"3. That he is without knowledge as to the allegations contained in paragraph 4 of the petition.

"4. In further reply to the Rule to Show Cause entered herein, your Respondent shows unto the Court that the office of Mayor of the Town of Milton and Judge of the Mayor's Court of said Town is an honorable one, sought after by public spirited citizens who are primarily interested in good government and in doing their part to preserve law and order within said Town; that the time consumed in properly discharging the duties of the office is given by the respondent without consideration for the nominal pecuniary benefits that may accrue to him as an incidental emolument of the office; that the salary and fees earned by and paid to the incumbent of this office, which averages between $20.00 and $25.00 per month, are so meager in amount as to discourage anyone from seeking the office as a means of earning a livelihood, as a result whereof said office is usually occupied by business and professional men of the Town of Milton, such as the attorney for the petitioner in the case, who occupied that high office for several terms, who are willing to sacrifice their time and efforts in the interest of the public weal; that your defendant is a practicing attorney at law at the Bar of this Court and does not look to nor depend upon the compensation received by him as Judge of the Mayor's Court for a livelihood, and he has never consciously permitted the contingency of his fee to influence his decision in the trial of a criminal case, and will not do so in the future, but has honestly and conscientiously decided each case on its merits alone,

in accordance with justice and the ordinances of the Town of Milton; that your Respondent in his official capacity is many times more interested in doing justice between persons accused in the Mayor's court of committing violations of the Town's ordinances, and society in general, than he is in the nominal and insignificant fee of $1.00 that will accrue to him in the event the defendant is found guilty and sentenced to pay the costs of the case. That by reason of the facts above stated, your respondent alleges that the contingent possibility of him realizing a fee in the trial of the criminal charges now pending against the petitioner herein is not such as to constitute an interest in the case within the true meaning and spirit of the law relative to disqualification of judges and the possible pecuniary benefits that will accrue to your respondent in the event of conviction of the petitioner on the charges now pending against him in the Mayor's Court are such as to come clearly within the maxim 'de minimis non curat lex' enunciated in the case of Tuney v. Ohio, 273 U. S. 510, 71 L. Ed. 749, 47 S. Ct. 437."

The defendant in error has stated the question for our determination to be:

"Does the fact that a municipal judge receives as his sole compensation for services a fee of only one dollar upon conviction of defendants found guilty of violating the ordinances of such municipality, but who receives no fee in the event of acquittal of such defendants, amount to such an interest in the outcome of the case as to constitute a disqualification within the spirit and letter of the law?"

The plaintiff in error relies upon the opinion and judgment of the Supreme Court of the United States

in the case of Tuney v. Ohio, 273 U. S. 510, 71 L. Ed. 749, to sustain his position.

Section 9 of Article XVI of the Constitution of Florida provides:

"In all criminal cases prosecuted in the name of the State, when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law; and all fines and forfeitures collected under the penal laws of the State shall be paid into the County treasuries of the respective counties as a general county fund to be applied to such legal costs and expenses. (Amended, Joint Resolution 1, Acts 1893; Adopted at general election, 1894)."

Section 3 of Chapter 16053, Acts of 1933, inter alia, provides:

"Section 3. Suggestion of Disqualification: Grounds: Proceedings on Suggestion and Effect:—In any cause in any of the courts of this State any party to said cause, or any person or corporation interested in the subject matter of such litigation, may at any time before final judgment, if the case be one at law, and at any time before final decree, if the case be one in chancery, show by a suggestion filed in the cause that the judge before whom the cause is pending, or some person related to said judge by consanguinity or affinity within the third degree is a party thereto, or is interested in the result thereof, or that said judge is related to an attorney or counselor of record in said cause by consanguity or affinity within the third degree, or that said judge is a material witness for or against one of the parties to said cause. Such suggestion shall be filed in the cause within (30)

days after the party filing the suggestion, or his attorney, or attorneys, of record, or either of them learned of such disqualification, otherwise the ground or grounds of disqualification shall be taken and considered as waived. If the truth of any suggestion appear from the record in said cause, the judge shall forthwith enter an order reciting the filing of the suggestion, the grounds of his disqualification, and declaring himself to be disqualified in said cause. If the truth of any such suggestion does not appear from the record in said cause the judge may by order entered therein require the filing in the cause of affidavits touching the truth or falsify of such suggestion. If the judge shall find that the suggestion is true, he shall forthwith enter an order reciting the ground of his disqualification and declaring himself disqualified in the cause;" . . .

The record shows the following:

"There is now pending five causes instituted by J. D. Perry, in the Town Court of Milton, Florida, set for trial at 9 A.M. on Friday, July 25th, 1941, which are as follows:

"(a) The cause founded upon the complaint of J. D. Perry in affidavit dated July 7, 1941, charging defendant did unlawfully take, steal and carry away one pistol of the value of $10.00, the property of J. D. Perry.

"(b) The cause founded upon affidavit of J. D. Perry, dated July 7, 1941, charging defendant did unlawfully discharge firearms within the corporate limits of the Town of Milton, Florida.

"(c) The cause founded upon the affidavit of J. D. Perry dates June 4, 1941, charging that defendant did unlawfully resist J. D. Perry, night-watchman, in

being arrested by said night-watchman, who had lawful authority to arrest the said Elmer Rollo.

"(d) The cause founded upon the affidavit of J. D. Perry, dated June 4, 1941, charging that defendant did unlawfully become drunk and intoxicated.

"(e) The cause founded upon the affidavit of J. D. Perry, dated June 14, 1941, charging that defendant did unlawfully make an assault upon J. D. Perry, and the said J. D. Perry did beat, bruise and ill-treat."

The record does not show the date upon which either charge was filed in the Mayor's Court of the Town of Milton but it does show that at least two of the affidavits on which two of the causes respectively were based were dated within 30 days prior to the date of the filing of the suggestion in the Mayor's Court of his disqualification. The return of the respondent in the court below is not sufficient to show waiver under the statute, supra.

The ordinances of the Town of Milton are admitted by the answer to be as stated in the petition and it is the contention of plaintiff in error that the Mayor Ex-officio Municipal Judge has a pecuniary interest in the result of the trial of the plaintiff in error in that the Judge will receive $1.00 for each judgment of conviction entered against the plaintiff in error, if plaintiff in error is convicted, but will receive nothing if plaintiff in error is acquitted.

While the cause of Tuney v. Ohio, supra, is strongly persuasive of the correctness of the contention of the plaintiff in error, we do not think it is controlling. In 33 C.J. 996, Sec. 141, it is said:

"Compensation, Costs, Fees, and Fines.—Under the rule that the disqualification of a Judge must yield to the demands of necessity, a judge may hear and

determine causes involving his compensation. The fact that a judge received compensation for his services, which is increased with the addition of new duties or the addition of territory to his district, does not give him a disqualifying interest, in the causes tried in his court. However, in the absence of necessity a judge is disqualified to act in litigation wherein his salary or compensation is involved.

"Costs. Ordinarily, where a judge is not a party, an interest in the costs of the case is not sufficient to disqualify him; such interest is not an interest in the subject matter of the case. Interests to the extent of costs accruing in a lower court will not disqualify a judge of a higher court to which an appeal is taken. Where a judge is made a party as such to a suit he is disqualified, although his interest extends only to the costs of making him a party.

"Fees.—The fees given by law for the performance of official duties in relation to civil and criminal proceedings do not constitute an interest in the proceeding which disqualifies a judge, although his sole compensation in certain cases is a fee to be paid by defendant in case of conviction.

"Fines.—A judicial officer is not disqualified to try offenders by the fact that the fines imposed by him go into a fund from which his salary is paid, and such is the rule in some jurisdictions, by force of statute."

In Bennett v. State, 4 Tex. Court of Appeals 72, it was held that,

"Though the Constitution provides that, 'No judge shall sit in any cause wherein he may be interested,' the fact that a county judge's compensation in a misdemeanor case is a fee to be paid by the defendant, if convicted, does not disqualify the judge from trying

such a case. The Constitution itself provides that the compensation of county judges shall be 'such fees and perquisites as may be prescribed by law.' " ·

This appears to us to have been a rather illogical conclusion. It occurs to us that the Court might well have considered the question as to whether or not there were other constitutional provisions which might be limitation on the power granted the legislature in the matter under consideration.

In the case of Wellmaker v. Terrell, Governor, 3 Ga. App. 791, 60 S.E. 464, it was said:

"It is evident from the original Act of 1891, as well as the subsequent acts passed upon the subject of judicial disqualification upon the ground of interest, that the Code section is aimed at interest in the subject matter of the cause, and not the incident of a suit which is provided merely as a means of paying the officers of courts for their services, the costs. The interest, which was intended should operate in disqualification, was a feeling that would prompt the judge to desire that one party, rather than the other, should prevail—not on account of self interest, unless the trial judge is himself a party, but on account of interest in a party and his rights as such party. Thus all the disqualifications created since the Act of 1801 concerned circumstances and conditions in which it is probable that the judge himself would have no pecuniary interest. He might have none, even though the litigant were related to him within the fourth degree. If his fee had been paid in full, he would have nonpecuniary interest, although his former client was a party, and the fact that he had previously passed upon some point in a case in a lower judicature, of course, is of no pecuniary interest to him. When we

consider these changes in the original Act as explanatory of the original intention of the legislature in the passage of the Act of 1801, as well as of its subsequent intention in the changes made, it may be assumed that the legislature did not presume that the fact that a decision in favor or against one of the litigants rather than the other, which might render costs, otherwise uncollectible in fact collectible, would influence the conscience and judgment of the judge. We are well aware that the ancient doctrine, that favor is not to be presumed against a judge, has been overruled by practical modern legislation, and that it can be applied that a judge should be absolutely free from bias of any kind. It can also be insisted that even judges are not exempt from the frailties of human nature, and that sound public policy requires that a judge should not be placed in the position where his judgment is likely to be influenced by the consideration that one judgment may result in the collection of his costs, whereas the contrary judgment would defeat its collection.

"We agree with the learned counsel for plaintiff in error that good policy should prohibit the payment of a judge by fees, and the creation of a contingency by which (in some cases at least) the collection of the judge's costs or money for his benefit may be rendered certainly collectible, and in the other collection be rendered doubtful. This is the most that can be said as to the payment by fees in this case.

"But, while we agree with counsel that the act creating the city court of Barnesville is not in accord with our view of what should be the policy of the State with reference to the payment of judicial officers by fees, still we cannot hold that the provision in the

act upon this subject is contrary to the public policy of this State, or unconstitutional. On the contrary, it has been the policy of this State from the earliest times to pay numerous judicial officers by assigning to them the fees usually denominated costs in lieu of any fixed salary. Besides justices of the peace, all ordinaries are paid by fees, and the same contingency as to the collection of their costs may arise as in the present case. Justices of the inferior courts received fees for their services in lieu of a salary. Judges of the county courts, except where otherwise recommended by the grand jury, were thus paid, and quite a number of the acts creating city courts, especially those whose territorial jurisdiction was limited to a subdivision of a county, have provisions practically identical with those in the act now under consideration. So that, so far from the provisions of the act creating the city court of Barnesville being contrary to the public policy of the State, it may rather be asserted to be in accord with its settled policy in the establishment of inferior judicatures. This policy is based upon reasons of public economy and, while this policy may not meet our approval, it cannot be overlooked or disregarded."

See also Pace v. City of Hazelhurst, 9 Ga. App. 203, 70 S.E. 967, and Langston v. City of Hazelhurst, 9 Ga. App. 449, 71 S.E. 592.

The Georgia cases appear to have been bottomed on the conclusion that the matters complained of were sanctioned by public policy as established under the Constitution and statutes of the State of Georgia.

It appears that in the Tuney case, supra, much consideration was given to the showing that the fees accruing to the judge were of such volume as to ag-

gregate a very attractive amount. On page 758 of 71 L. Ed., the Court said:

"From this review we conclude that a system by which an inferior judge is paid for his service only when he convicts the defendant has not become so embedded by custom in the general practice either at common law or in this country that it can be regarded as due process of law unless the costs usually imposed are so small that they may be properly ignored as within the maxim de minimis non curat lex."

In the instant case the amount of the fee involved is small, being only one dollar in each case which makes the aggregate of five dollars for the five cases if the plaintiff be convicted in each case. One dollar, however, is only relatively a small amount. One dollar has more allure for one man than ten dollars may have for another. Therefore, if it be for a sound rule that a judge is disqualified when it appears that he reaps a large pecuniary stipend, if and when a cause before him is decided in favor of one party, but reaps nothing if the other party prevails, it appears logical that he would be equally disqualified if there is any pecuniary gain for him depending on the disposition of the cause.

The question is not what the effect may be on the conduct of any particular judge, but what the effect may be upon one who may easily yield to the temptation to feather his pocket even with a few extra dollars. If in a civil case it should be provided that in the event of the determination of the cause in favor of one party the judge should be paid a certain cash fee, but in the event the disposition should be in favor of the other party the judge would receive nothing,

no self-respecting judge would consent to sit in judgment therein and therefore, we have been confronted with no such condition in any case.

It appears that public policy in this State is contrary to that which is held by the Georgia cases, supra, to obtain in that State in this regard.

Our Constitution, Sec. 9, Article XVI, quoted supra, appears to reflect the established public policy in regard to this matter here. That provision requires the payment of costs by the accused if he be convicted and be not insolvent, but if he be acquitted or be insolvent, then the costs are to be paid by the county. So the fees are not dependent on the result of the trial and this is as it should be.

It is suggested that holding the Mayor, Ex-officio Judge, to be disqualified to act as trial judge will obstruct and make a trial of accused impossible. The answer is that such result does not necessarily follow.

The legislative body of the municipality has only to enact a valid ordinance providing for the payment of costs regardless of the result of the trial and, thereupon, the element of disqualification will be eliminated.

For the reasons stated, the judgment is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

So ordered.

Reversed and remanded.

BROWN, C. J., WHITFIELD, TERRELL, THOMAS and ADAMS, JJ., concur.

CHAPMAN, J., dissents.