Arrie **BRAMLETT**, Harry Goodale, and Lila Hollestelle, individually, and on behalf of all others similarly situated, Plaintiffs,

v.

The Honorable: **J. S. PETERSON**, Justice of Peace, District 1; **Ray C. Schroeder**, Justice of Peace, District 2; **Irwin S. Hicks**, Justice of Peace, District 4; **James O. Taylor**, Justice of Peace, District 5; **Charles H. Lennon**, Justice of Peace, District 6; **Hallie E. Miller**, Justice of Peace, District 7; **Charles J. Luke, II**, Justice of Peace, District 8; **O. S. Burklin**, Justice of Peace, District 9; **Jefferson Clark**, Justice of Peace, District 10; **Francis Smelt**, Justice of Peace, District 11; **Walter W. Snell**, Justice of Peace, District 12; and **Lloyd Sparks**, Justice of Peace, District 14, Defendants.

No. 69-117-Civ-J.

United States District Court
M. D. Florida,
Jacksonville Division.

Dec. 8, 1969.

Warren H. Cobb, Thomas A. Goldsmith, Daytona Beach, Fla., for plaintiffs.

Ralph Clayton, DeLand, Fla., and J. Kermit Coble, Daytona Beach, Fla., for defendants.

Walter W. Snell, Daytona Beach, Fla., pro se, and for defendants Peterson, Lennon, Taylor, Luke, Clark, Smelt, Hicks and Schroeder.

## PRELIMINARY INJUNCTION

WILLIAM A. McRAE, Jr., District Judge.

Plaintiffs bring this action for themselves and pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other indigent persons in Volusia County, Florida, who have been and will be denied certain constitutional rights solely because of their impecunious condition. Jurisdiction of this Court is grounded in 28 U.S.C. § 1343(3), (4); § 2201, and the suit is brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs were granted leave to proceed in forma pauperis in this cause. The complaint was filed February 25, 1969, and a final hearing was had October 16, 1969. In addition, habeas corpus relief is requested for two of the plaintiffs, Bramlett and Goodale.

### I. *The Fee System*

The complaint initially challenged the constitutionality of Chapter 61–1646 of the Laws of Florida as it related to the compensation for justices of the peace in Volusia County. Under the statute, a peace justice received a fee if, and only if, criminal proceedings were initiated before the peace justice, without regard to whether an information or indictment ensued. Because of this substantial and direct pecuniary interest in the finding of probable cause, plaintiffs alleged that an unconstitutional denial of due process resulted, citing Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); Bennett v. Cottingham, 290 F.Supp. 759 (N.D. Ala. 1968), *aff'd* 393 U.S. 317, 89 S.Ct. 554, 21 L.Ed.2d 513 (1969); Rollo v. Wiggins, 149 Fla. 264, 5 So.2d 458 (1942).

After the filing of this suit, a special act, Chapter 69–740, was passed in the 1969 session of the Florida Legislature which places all Volusia County justices of the peace on a salary not dependent upon the fees generated by the institution of criminal proceedings. The special act repeals Chapter 61–1646, and when the 1969 law expires by its own terms on June 30, 1970, the earlier statute will not be reactivated for the reason that no express reference to its revival is made in the new law as required by Florida Statutes, section 2.04 (1967), F.S.A. Consequently, this Court finds that at present there is no case of actual controversy between the parties regarding the fee system. This Court will not anticipate what the legislature may do after Chapter 69–740 expires, nor will a ruling be made here on the constitionality of fee systems similar to the prior one of Volusia County alleged still to be in use in many other Florida counties. *See, e. g.,* Oklahoma City v. Dulick, 318 F.2d 830 (10th Cir. 1963). Because this issue is moot, and because the statute is a special act, not of general application, a three-judge court is unnecessary. *E. g.,* Rorick v. Board of Commissioners, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242 (1939); Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928).

### II. *Indigent Misdemeanant's Right to Counsel*

Plaintiffs' second count alleges that the Volusia County peace justices fail to advise indigent misdemeanants of their right to court-appointed counsel before trial and fail to appoint an attorney for them in the absence of an intelligent and voluntary waiver.

#### *The Right to Counsel*

The Fifth Circuit Court of Appeals has been abundantly clear in its insistence that indigent misdemeanants have a constitutional right to counsel, absent knowing and voluntary waiver. Bohr v. Purdy, 412 F.2d 321 (5th Cir. 1969); James v. Headley, 410 F.2d 325 (5th Cir. 1969); Colon v. Hendry, 408 F.2d 864 (5th Cir. 1969); Boyer v.

City of Orlando, 402 F.2d 966 (5th Cir. 1968) (stayed pending state exhaustion; argued before Supreme Court of Florida November 12, 1969); Goslin v. Thomas, 400 F.2d 594 (5th Cir. 1968); McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965); Harvey v. Mississippi, 340 F.2d 263 (5th Cir. 1965). Most recently, the Fifth Circuit heard arguments in Mathews v. Florida, No. 27,879 (argued Nov. 10, 1969) (contesting what lower limit of potential sentence should apply to right to counsel for accused misdemeanants) remanded for clarification of extent of potential penalty on Feb. 26, 1970. The result in that case, as noted below, is not relevant here. To date, the Supreme Court of the United States has not ruled on this issue. Beck v. Winters, 407 F.2d 125 (8th Cir.), cert. denied, 395 U.S. 963, 89 S.Ct. 2104, 23 L.Ed.2d 749 (lower court decision cision held appointed counsel required for indigent misdemeanant sentenced to serve thirty day sentence and 250 days confinement in lieu of $250 fine); Winters v. Beck, 239 Ark. 1151, 397 S.W.2d 364, cert. denied, 385 U.S. 907, 87 S.Ct. 207, 17 L.Ed.2d 137 (1966); State v. De Joseph, 3 Conn.Cir. 624, 222 A.2d 752, cert. denied, 385 U.S. 982, 87 S.Ct. 526, 17 L.Ed.2d 443 (1966); Patterson v. Warden, 372 U.S. 776, 83 S.Ct. 1103, 10 L.Ed.2d 137 (1963) (Supreme Court remand of pre-*Gideon* misdemeanor conviction without counsel for reconsideration in light of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)). We will not list the other numerous decisions of lower courts, both state and federal, that agree with the established Fifth Circuit position, but many are collected in Beck v. Winters, 407 F.2d 125 (8th Cir. 1969), cited above.

In the face of these Fifth Circuit Court of Appeals decisions, extending from 1965, the Florida courts have repeatedly refused to guarantee accused indigent misdemeanants their constitutional right to court-appointed counsel. State ex rel. Taylor v. Warden of Orange County Prison Farm, 193 So.2d 606 (Fla.1967); Watkins v. Morris, 179 So.2d 348 (Fla.1965); Fish v. State, 159 So.2d 866 (Fla. 1964); Brinson v. Purdy, 201 So.2d 260 (3d D.C.A.Fla. 1967). This issue was before the Florida Supreme Court in Boyer v. City of Orlando, No. 38.660 (Fla.Sup.Ct. argued Nov. 12, 1969) (certificate denied on procedural grounds, Feb. 25, 1970), *on remand for exhaustion from* 402 F.2d 966 (5th Cir. 1968). It now appears the court will again consider the issue in Argersinger v. Hamlin, No. 39,309 (Fla.Sup. Ct., set for argument on April 14, 1970 before the court en banc).

## Availability of Counsel

It has been held that trial courts have authority to appoint counsel for indigent defendants in criminal cases. See Powell v. Alabama, 287 U.S. 45, 73, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

Although we do not require by this order that compensation be given to counsel appointed for indigent misdemeanants, we note that even the specter of potential cost in substantial amounts has been found to be not too burdensome. See e.g., Stevenson v. Holzman, Or., 458 P.2d 414, 418 (1969) (estimated $300,000 cost to provide counsel for all prosecutions, including prosecutions for municipal offenses, called only a "modest fee" to insure due process). Regardless of whether appointed counsel can be paid, (see Perry v. State, 120 Ga.App. 304, 170 S.E.2d 350 (filed Sept. 12, 1969), the holding of this order is unequivocal: absent knowing and voluntary waiver, accused indigent misdemeanants are constitutionally entitled to court-appointed counsel without cost or obligation to them in trials before Volusia County justice of the peace courts. In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), no provision was made for payment of appointed defense counsel. Since *Gideon*, the problem of counsel has been met by provisions for payment such as the federal Criminal Justice Act of 1964, 18 U.S.C. § 3006A; by O.E.O. legal services assistance for some post-conviction review

cases, and by the donation of services by court-appointed attorneys. A substantial majority of states afford the right to counsel in all or certain misdemeanor cases. Comment, 21 U.Fla.L.Rev. 421 (1969).

While this case was pending, an attempt was made to secure funds for the Volusia County public defender's office to enable it to supply attorneys for indigent misdemeanants. J. Fla. House of Rep. (April 23, 1969, at 227, 228) (discussion of amending H.B. 840, p. 38, item 629, to provide $60,054 instead of $30,027 for Volusia County Office of Public Defender). The attempt failed, reportedly following comments that the legislature was reluctant to anticipate the ruling of this Court. "House Spurns Cash Hike for 'Defenders,'" Daytona Bch. News J., April 24, 1969, (remarks of Representative J. Savage).

 Whatever solution is settled upon, it is unnecessary for this Court to specify what that result should be. In a case similar to the one presently at bar which involved the issue of counsel for indigent misdemeanants, it was said with regard to the lack of authority to appoint or provide compensation for court-appointed counsel:

> Any legal vacuum resulting in State criminal proceedings is a situation for which responsibility cannot be laid at the door of this court. The State of Mississippi, in undertaking to define crime and prosecution thereof, must, at all events, comply with the demands of the Constitution of the United States. Inaction, or failure to act in passing necessary legislation to meet this problem will not militate against the maintenance of the constitutional right. In those terms, continued local inertia will be the root cause of bringing to a grinding halt prosecutions of misdemeanors and like offenses because of procedural constitutional infirmity. The practical effects of the holding today cannot become a matter of concern, for my obligation is to uphold the United States Consti-

tution * * *. Phillips v. Cole, 298 F.Supp. 1049, 1053 (N.D.Miss.1968).

### Facts Giving Plaintiffs Standing

In the verified complaint, and by deposition, plaintiff Arrie Bramlett stated that he has been arrested for public intoxication thirty-nine times since 1961. He was tried and convicted January 24, 1969, in the Tenth District for the alleged offense of "habitual intoxication" and was sentenced to thirty days in jail. Florida law, however, proscribes only "public" intoxication or habitually frequenting tippling shops, and not the offense of "habitual" intoxication. Fla. Stat. §§ 856.01, 856.02 (1967). (The latter section has since been held unconstitutional. Lazarus v. Faircloth, 301 F.Supp. 266 (S.D.Fla., filed June 9, 1969) (3-judge court) appeal filed, No. 630, 38 U.S.L.W. 3103 (U.S. Sept. 22, 1969)). Plaintiff Bramlett stated further that he was tried without counsel and without offer of counsel on January 24, 1969, and on all other occasions, and that he believed he would continue to be so tried unless injunctive relief is given.

Plaintiff Harry Goodale was convicted in the Eighth District on December 30, 1968, for the misdemeanor of disorderly conduct and was sentenced to five hundred dollars fine or six months imprisonment. He too stated that he was not advised of his right to court-appointed counsel prior to trial. The maximum punishment under Florida Statutes, section 775.07 (1967), F.S.A., is two hundred dollars or ninety days, or both. Furthermore, Florida Statutes, section 922.04 (1967), F.S.A., provides that release is available to an indigent after sixty days incarceration solely for inability to pay a fine of three hundred dollars or less. Had an attorney been present, plaintiff Goodale could have benefitted from the assistance of counsel. He was incarcerated under this conviction at the time this suit was filed, and was later released under state habeas corpus proceedings brought under section 922.04.

The third plaintiff, Lila Hollestelle, obtained legal counsel, and thus her allegations are not immediately relevant to the second count regarding right to counsel; however, her case is illustrative of how counsel may be useful in a justice of the peace proceeding. Plaintiff Hollestelle alleged that after criminal proceedings under Florida Statutes, section 83.20 (1967), F.S.A., had been instituted against her by the Eighth District Justice of the Peace, she was told by her attorney that the statute was not a criminal statute, that the statute related to civil tenant eviction proceedings in a county or county judge's court, and that the justices of the peace had no jurisdiction to proceed under that statute.

Two of the defendants in this case, the Honorable Charles J. Luke, II, of the eighth district, and the Honorable Robert Matthews, of the tenth district, and his successor, the Honorable J. W. Clark, admitted substantially all of the statements made by the plaintiffs as to their individual cases and admitted particularly that plaintiff Goodale was not advised of his right to court-appointed counsel nor was given counsel, and that plaintiff Bramlett did not have counsel appointed.

### Practices of the Peace Justices Regarding Advice of Right to Counsel

More significant than the foregoing allegations of the individual plaintiffs is the additional allegation made in the complaint that:

It is the policy, pattern and practice of defendants, acting under color of State law, custom and usage, not to advise plaintiffs and others of their class of their right to court-appointed counsel if they are indigent; and, in fact, counsel is not appointed by the defendants in such cases.

Because of this situation, plaintiffs allege that no other adequate remedy is available at law and that they and their class will continue to suffer irreparable harm in the future unless an injunction issues.

This allegation of a "pattern and practice" of deprivation of right to counsel has been proven on the record of this case. There are twelve justices of the peace in Volusia County for twelve of the fourteen numbered districts. At hearing it was uncontroverted that the misdemeanors heard by these peace justices had a potential penalty of between three months or $200 fine (disorderly conduct), and six months or $500 fine (the potential penalty for most offenses heard by these courts and the jurisdictional limitation). For this reason, the effect of Mathews v. Florida, No. 27,879, (5th Cir., filed Feb. 26, 1970) (concerning what lower limit of potential offense is constitutionally entitled to counsel), is immaterial for purposes of this case because Bohr v. Purdy, 412 F.2d 321 (5th Cir. 1969) (potential punishment of 90 days and $750 fine) has established a lower limit which includes all of the offenses heard by these courts. *See* Wooley v. Consolidated City, 308 F.Supp. 1194 (M.D.Fla., filed Jan. 28, 1970) (Scott, J.) (extending right to counsel to municipal court for all offenses where *total potential* penalty for all *pending charges* is 90 days and $500 fine).

During the pendency of this action, plaintiffs submitted a proposed stipulation to defendants stating that the peace justices agreed that accused indigent misdemeanants were being advised of their constitutional right to court-appointed counsel and that counsel would be supplied upon proper request. No response was made by defendants to this requested stipulation.

In answer to request for admissions to eight of the justices (excepting Peace Justice Snell and the three defaulted defendants), filed June 10, 1969, defendants admitted that they do "not, at any time, advise accused indigent misdemeanants of their constitutional right to court-appointed counsel." Further admissions established that they try accused indigent misdemeanants without counsel, that a prosecutor is not as-

signed to the justice of the peace court, that the defendants question witnesses for the state and cross-examine witnesses for the defense in all trials except those in which the accused is represented by counsel, that although the elements of the charge are explained, the accused is not told of applicable defenses, and that advice that an appeal may be taken is not given to convicted misdemeanants.

Depositions of eight peace justices were taken October 1–9, 1969, shortly before the hearing. The depositions of Peace Justices Schroeder, Taylor, Lennon, Clark and Hicks showed that court-appointed counsel was not being made available to accused indigent misdemeanants in their courts. A sixth peace justice, Judge Peterson, was unavailable for deposition, but his attorney stated upon personal knowledge that the situation had not changed since Judge Peterson had stated in his answer to requested admissions that counsel was not being made available.

Peace Justice Smelt stated that he was willing to supply court-appointed counsel, but in fact he had not had occasion to do so in the forty-five to fifty cases heard in the prior two months. As late as July 30, 1969, Peace Justice Smelt had not advised at least one accused indigent misdemeanant, to whom this Court granted habeas corpus relief. McDonald v. Duff, No. 69–489–Civ–J (M.D.Fla., filed Aug. 7, 1969). In any event, the provisions for adequate waiver set out below were not adhered to.

Similarly, Peace Justice Snell stated he had given advice as to right to court-appointed counsel in approximately one hundred fifty cases he had had in the preceding two months, and that he had in fact appointed attorneys to all who had requested counsel (in three or four cases). Peace Justice Snell, who is an attorney, generally, follows the procedure set out in this order, but in many cases certain inquiries as to voluntariness are not made. For example, in his deposition, Peace Justice Snell stated

that he asks the accused if any promises have been made to the accused to induce him to waive his right to an attorney only "on some occasions when I have a feeling that the Police may have been involved in a discussion with the defendant about what he should do at the trial. * * *" We here require such an inquiry to show voluntariness on the record in every case of waiver of right to counsel.

Peace Justice Luke, who had heard three hundred fifty to four hundred cases in the prior two months, testified in his deposition that he was appointing counsel for those appearing before him who were indigent, "under my interpretation of the word indigent." A conflict occurs in the deposition as to whether three or four accused misdemeanants had attorneys appointed from the three hundred fifty to four hundred cases before his court during the two months period (p. 17), or whether no defendant in any of the cases was found to meet Peace Justice Luke's standard of indigency (p. 24). In any event, the standard of indigency used was inadequate. Income and size of family were stated to be considered, but no account was taken of whether the accused was incarcerated at the time, nor of the other aspects of the full inquiry ordered here.

The remaining three defendants had a default entered against them earlier for failure to respond.

### The Need for Injunctive Relief: Multiplicity of Suits

Among the injuries plaintiffs allege will occur if no injunction is granted are that a multiplicity of habeas corpus petitions will ensue and that delay and inconvenience will result, both to plaintiffs and to those similarly situated. During the pendency of this action, this Court granted relief for eleven other Volusia County indigent misdemeanants who were convicted in five justice of the peace districts, and who had not been advised of their right to court-appointed counsel and had not made an intelligent and voluntary waiver of that right.

Steadman v. Duff, 302 F.Supp. 313 (M. D.Fla., 1969); Brown v. Wainwright, No. 69–189–Civ–J (M.D.Fla., filed Aug. 6, 1969) (parole revocation vacated because it was based on Volusia County justice of the peace conviction for misdemeanor without counsel); A. Steadman v. Duff, No. 69–463–Civ–J (M.D. Fla., filed Aug. 7, 1969); Brusnahan v. Duff, No. 69–465–Civ–J (M.D.Fla., filed Aug. 7, 1969); Holsinger v. Duff, No. 69–466–Civ–J (M.D.Fla., filed Aug. 7, 1969); Hudson v. Duff, No. 69–477–Civ–J (M.D.Fla., filed Aug. 7, 1969); McDonald v. Duff, No. 69–489–Civ–J (M.D.Fla., filed Aug. 7, 1969); Carter v. Hardy, No. 69–563–Civ–J (M.D.Fla., filed Sept. 30, 1969); Kirby v. Hardy, No. 69–619–Civ–J (M.D.Fla., filed Oct. 9, 1969); Parks v. Hardy, No. 69–665–Civ–J (M.D.Fla., filed Oct. 30, 1969); Temple v. Hardy, No. 69–666–Civ–J (M. D.Fla., filed Oct. 30, 1969). Moreover, nearly two years ago this Court had vacated eight Volusia County misdemeanor convictions by a justice of the peace because of failure to offer indigent misdemeanants court-appointed counsel. Cloer v. Thursby, No. 67–618–Civ–J (M. D.Fla., filed Nov. 29, 1967). In the absence of an injunction, there is no indication that the filing of numerous petitions will not continue, at least until the Florida courts guarantee in a meaningful way the right to counsel to one accused of a misdemeanor.

### Lack of Adequate Remedy at Law

Injunctive relief under 42 U.S. C. § 1983 in federal courts is not predicated upon, nor excluded by, available relief procedures under state law. *E. g.,* Damico v. California, 389 U.S. 416, 417, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); McNeese v. Board of Education, 373 U.S. 668, 671–672, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963) (alternate holding); Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Comment, Exhaustion of State Remedies Under the Civil Rights Act, 68 Colum.L.Rev. 1201 (1968). In many instances where fail-

ure to provide court-appointed counsel is alleged, adequate relief can be sought in state habeas corpus or post-conviction relief procedures or in the federal courts after exhaustion of state remedies or, as we have held, absent state exhaustion where such exhaustion would be futile. *E.g.,* Steadman v. Duff, 302 F.Supp. 313 (M.D.Fla., 1969). In this case, however, a compelling need for injunctive relief has been substantiated as discussed above. Absent such relief, numerous indigent misdemeanants will not know of their constitutional rights at trial, nor even after conviction. Hopefully, an injunction, because it acts directly upon the peace justice rather than being dependent upon whatever degree of constitutional awareness the accused may have, will serve to make the right to counsel in Volusia County justice of the peace courts a reality for all accused indigent misdemeanants coming before them. The paucity of reported cases demonstrates that inadequate resources of convicted indigents and lack of knowledge of this fundamental right have combined to prevent effective access to right to counsel, despite that right's availability in Florida, apparent at least since McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965). Furthermore, the defendant convicted for a misdemeanor has little time, because of the shortness of sentence, to secure his rights through habeas corpus proceedings, especially if application to more than one court is necessary. In the past, the often lengthy habeas corpus process has been effectively shortened in only a few cases by release on bail or personal recognizance pending determination of the merits of the petition. *E.g.,* Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968). Where such release has not been granted, it would not be unusual for the sentence to be completed during consideration of the petition. Even if it is possible to continue a petition to vacate sentence after an unconditional release from a misdemeanor conviction simply to clear one's record,[1] it is nevertheless

---

1. It is now possible to continue after release a petition for habeas corpus filed before release under Sibron v. New York, 392 U.S. 40, 50–58, 88 S.Ct. 1889, 1912,

little solace to one who has completely served a sentence unjustly imposed because no counsel was available.

■■■■■■ Injunctive relief for deprivation of sixth amendment rights is not unique in federal jurisprudence, although it is used sparingly only in cases showing grave and irreparable injury. In Phillips v. Cole, 298 F.Supp. 1049, 1051 (N.D.Miss.1968) (pending misdemeanor charges against minors in Mayor's or Youth Court), it was said, "Ordinarily, federal courts refuse to interfere with or embarrass proceedings in State courts save in those exceptional cases which call for interposition of a court of equity to prevent irreparable injury which is clear and imminent * * *." In the present case, the affront to comity is less severe than in *Phillips*, because there are no pending proceedings affected by this order, which is to be effective only on the date of its issuance. Thus, 28 U.S.C. § 2283 (the "anti-injunction statute") has no application here, for only future cases will be controlled by this order. *See* Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Adequate relief for defective convictions prior to this date may be had by application to this Court by petition for writ of habeas corpus.

### The Abstention Doctrine

■■■■■ The abstention doctrine is not applicable here, for its purpose is to permit state courts to have a first opportunity to resolve new issues of constitutional law or questions in which federal and state law are intertwined. *See* Comment, 68 Colum.L.Rev. 1201, 1205–06 (1968). As set out above, however, the issue of counsel for accused indigent misdemeanants is neither new nor complex.

If the purpose of the abstention doctrine is simply to permit state courts an opportunity to hear a given question that otherwise would be preempted to federal courts, that purpose is met by the Boyer v. City of Orlando case, *supra*, argued before the Florida Supreme Court on November 12, 1969.

Moreover, Florida courts have consistently heretofore refused to recognize Fifth Circuit Court of Appeals mandates. Steadman v. Duff, 302 F.Supp. 313, 315 (M.D.Fla., 1969). Although we will not assume that the Florida Supreme Court will ignore further the many precedents that have accumulated, neither will we wait for the *Boyer* result. It is possible that the *Boyer* decision, when it is finally rendered, may be phrased so as to be applicable to justice of the peace courts, but the factual context in *Boyer* may limit its controlling authority to municipal courts only. In addition, injunctive relief was possible in this case long before the final *Boyer* decision because an oral summary of this order was given at the close of the hearing on October 16, 1969.

### Judicial Immunity Under § 1983

■■■■■ The rule of judicial immunity under 42 U.S.C. § 1983 generally is restricted to damage suits and does not

20 L.Ed.2d 917 (1968) (misdemeanor conviction held to have sufficient collateral consequences to overcome mootness because of completion of sentence during review proceeding); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (because of the disabilities attaching to a convicted felon) ; Cappetta v. Wainwright, 406 F.2d 1238 (5th Cir.), *cert. denied*, 396 U.S. 846, 90 S.Ct. 55, 24 L.Ed.2d 96 (1969) (sentence completely served may be attacked by subsequently filed habeas corpus where present custody is affected by record). *See also* Mathis v. United States, 369 F.2d 43 (4th Cir. 1966) (future felony sentence may be attacked by coram nobis even in absence of allegations that disabilities are present); Pales De Mendez v. Aponte, 294 F.Supp. 311, 315 (D.P.R.1969) (discussion of effect of breach of peace conviction with ten dollars fine on "good name and reputation" of defendant teacher, holding conviction null and void, and granting injunction requiring all references to trial, conviction, and sentence to be removed from state records; "custody" apparently not required at time of filing because injunctive, rather than habeas corpus, relief was sought).

apply to suits for injunctive and protective relief. The precedent for enjoining state judges is ample. *E.g.*, Phillips v. Cole, 298 F.Supp. 1049 (N.D.Miss., 1968); United States v. Clark, 249 F. Supp. 720, 727–728 (S.D.Ala., 1965) (3-judge court). In this case, where the right's guarantee is particularly clear, there is no infringement of the judicial function or judicial discretion; rather, this order affects the peace justice *only* if he fails to exercise a mandatory, non-discretionary, and ministerial duty. *See* Ex parte Virginia, 100 U.S. 339, 348, 25 L.Ed. 676 (1879).

Consequently, it is

Ordered:

1. The portion of the complaint regarding the justice of the peace fee system in Volusia County as it existed at the time of the filing of this suit is dismissed for want, at present, of a case of actual controversy.

■■■ 2. Defendants are hereby enjoined from failure to effectuate the sixth amendment right to counsel guaranteed to plaintiffs and members of their class by following, in every case, adequate procedures to insure that all indigent misdemeanants are afforded court-appointed counsel, absent knowing and voluntary waiver.

At the specific request of defendants, many of whom are not attorneys, we set out here in detail what appears to be a constitutionally acceptable minimum oral inquiry as to counsel, indigency and waiver. These procedures are patterned after those in Federal Judicial Center, Benchbook for Federal District Judges §§ 1.01, 1.02 (October 25, 1969), and other sources as noted.

■■■ The accused should be asked in every case where appropriate (1) his name, (2) his age, (3) the extent of his education, (4) if he is currently, or if he recently has been, under the care of a physician or psychiatrist, or if he has been hospitalized or treated for alcoholism or barbiturate or narcotic addiction, (5) if he is currently, or was in the recent past, taking any medicine or narcotics of any sort which would in any way impair his mental ability to understand the proceedings, *see* Schnautz v. Beto, 416 F.2d 214, (5th Cir., 1969), and (6) if he has an attorney.

■■■ If the accused has an attorney, the court may proceed, before it accepts his plea, to inform him of the charges pending against him, any affidavits filed therewith and their contents, the range of allowable punishments possible, lesser included offenses, if any, and his other constitutional rights, including right against compulsory self-incrimination, right to a trial by jury (*see* Fla.Stat. § 937.06 (1967)), F. S.A., rights of confrontation and cross-examination of witnesses, right of access to compulsory process for obtaining witnesses, and proof of the charges beyond a reasonable doubt.[2]

2. Even though standards for acceptance of a plea are not at issue in this case, the inquiries and warnings before a plea is accepted are similar to those regarding right to counsel in many ways. The United States Supreme Court held in Boykin v. Alabama, 395 U.S. 238, 243–244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that to be constitutionally sound the record must affirmatively show that a guilty plea is knowingly and voluntarily made. Such a plea must appear untainted by "[i]gnorance, incomprehension, coercion, terror, inducements [or] subtle or blatant threats." *Id.* at 242–243, 89 S.Ct. at 1712. This showing upon the record must be made because a plea of guilty waives numerous fundamental federal constitutional rights. In McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 1177, 22 L.Ed.2d 418 (1969), the United States Supreme Court said: "[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."

Another point raised in this case, but not material to the right to counsel, is the possible need for a prosecutor to represent the state in trial proceedings,

■ In the more usual case where the accused does not have an attorney, he must, in every case, be informed of the following by the justice of the peace: (1) that he has a constitutional right to be represented by an attorney at every stage in the proceedings from that point on; (2) that if he is unable to afford an attorney, the court will promptly appoint an attorney for him without cost or obligation to him; (3) that he is not required to have an attorney if he does not so desire; (4) what the charge or charges are and what the range of allowable punishment is for the charges individually and the maximum collectively, and (5) lesser included offenses, if any. *See* Wade v. Wainwright, 420 F.2d 898, No. 26,387 (5th Cir. 1969). It is desirable also to suggest to the accused some of the more usual defenses to the charge against him, so that the waiver may be intelligent as well as voluntary. *See* Von Moltke v. Gillies, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309 (1948) (opinion of four justices).

■ Following the information required above, and before accepting the accused's decision, the accused must be asked: (1) if he has any questions; and, if so, the questions, if appropriate, must be met by full and complete answers that are understood by the accused; (2) if he understands his right to an attorney; (3) if he wishes and is able to obtain counsel for himself, and (4) if he wants the court to appoint counsel for him.[3]

■ In the event the accused wishes to obtain counsel, and he has been unable to do so at the time of his appearance before the justice of the peace, he is to be given a reasonable time in which to obtain counsel for himself and reasonable access to facilities to communicate this desire to an attorney of his choice.

■■ If the accused states he is financially unable to obtain counsel for himself and wishes the court to appoint counsel for him, the peace justice must make a good faith determination as to his indigency and, when it exists, appoint competent and eligible counsel for him. Powell v. Alabama, 287 U.S. 45, 73, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The determination of indigency rests in the sound discretion of the court, but it should take into consideration whether the accused has a family or other dependents and how many, if the accused is presently employed or is on welfare, whether he has income while he is in custody, what amount, if any, he has in checking or savings accounts, the extent of any indebtedness, whether he is incarcerated or free on bond, and whether he has adequate assets not presently encumbered or otherwise unavailable. Among the cases considering the standard for indigency, *see, e. g.*, Adkins v. E. I. Du Pont De Nemours & Co., 335 U.S. 331, 339–340, 69 S.Ct. 85 (1948) (one need not be destitute to qualify to proceed in forma pauperis); Whittington v. Gaither, 272 F.Supp. 507, 512 (N.D.Tex.1967)

at least when the accused has an attorney. *See* Ruiz v. Delgado, 359 F.2d 718 (1st Cir. 1966) (misdemeanor conviction held to have violated due process where judge acted both as judge and prosecutor); *followed in* Pales De Mendez v. Aponte, 294 F.Supp. 311 (D.P.R.1969).

After conviction, a warning should be given that the defendant has a right to appeal without cost and with right to court-appointed counsel, if he is unable to afford one. *See* Smith v. McMann (2d Cir. en banc), 417 F.2d 648 (Nov. 19, 1969) (felony conviction); State ex rel. Miller v. Wainwright, 213 So.2d 290 (1st D.C.A.Fla.1968) (felony conviction),

*with further opinion at* 217 So.2d 352 (1st D.C.A.Fla.1969); Fla.R.Crim.P. 1.670 (1968), 33 F.S.A.

3. In at least one case, it has been held constitutionally deficient for a judge to explain the right to counsel to a group of defendants where a proper showing was lacking in the record that each defendant individually waived his right to counsel intelligently and understandingly. Meadows v. Maxwell, 371 F.2d 664 (6th Cir. 1967). Since that case was restricted to its facts, we note here only that individual inquiry is generally the better practice to follow.

(standard of indigency), *rev'd on other grounds, sub nom.* Texas v. Whittington, 391 F.2d 905 (5th Cir. 1968); Cuevas v. Wilson, 264 F.Supp. 65, 72 (N.D. Cal.1966); In re Trevithick, 260 F. Supp. 852, 854 (D.S.D.1966); Sapio v. State, 223 So.2d 759 (3d D.C.A.Fla. 1966); Keur v. State, 160 So.2d 546 (2d D.C.A.Fla.1963). *See also* Samuel v. United States, 420 F.2d 371, No. 27,504 (5th Cir., 1969) (truck driver without money or property or dependents entitled to appointed counsel without charge despite weekly salary of between $85 and $90). The peace justice may also ask if the accused has anyone else willing to assist him in paying for an attorney or if his wife is employed, but the Florida courts have held that the personal means and property of the accused are the only proper considerations for a determination of indigency. Keur v. State, *supra.*

A finding of inability to pay counsel must be made if at the time of the determination the accused is substantially inhibited by lack of means. Whittington v. Gaither, *supra*, 272 F. Supp. at 512, quoting Attorney General's Committee on Poverty and the Administration of Federal Criminal Justice 8 (1963). If counsel is to be appointed by the court, as well as in the case where the accused will seek his own counsel, the proceedings must be reasonably delayed in order for counsel to be secured. What constitutes reasonable delay will depend upon the circumstances. If the accused is free on bond, a longer period of delay, for example up to a week, may not be unreasonable; if the accused is not free on bond, this Court strongly suggests that the reasonable delay be limited to twenty-four hours after arraignment. After the appointment is made, the accused must be given a reasonable opportunity to consult with counsel.

If the accused states that he does not wish to have counsel represent him, the court must, in every such instance, ask the accused (1) why he does not want an attorney, and (2) if any threats or promises have been made to him by anyone to induce him to waive his constitutional right to an attorney, thus to test the voluntariness and intelligence with which the waiver of right to counsel is made. The law, at present, does not require that a criminal defendant have a lawyer at his side in order to waive intelligently his right to counsel, Gilpin v. United States, 415 F.2d 638 (5th Cir., filed Sept. 9, 1969); Narro v. United States, 370 F.2d 329 (5th Cir. 1966), *cert. denied*, 387 U.S. 946, 87 S. Ct. 2081, 18 L.Ed.2d 1334 (1967), but that waiver must be constitutionally sound. The foregoing questions are designed to make sure that the waiver is both intelligent and voluntary. In presenting these inquiries to the accused, a good faith effort should be made to ascertain, so far as possible from the answers given, whether the accused has a full appreciation of this most vital right before the waiver is accepted.

Only after all of the applicable questions enumerated above have been satisfactorily answered can the peace justice proceed to record this waiver in a valid manner, and a record of the waiver is necessary. Carnley v. Cochran, 369 U.S. 506, 513–516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) (waiver of counsel not presumed from a silent record); In re Haro, 80 Cal.Rptr. 588, 458 P.2d 500. To be valid, a written waiver must be "an intentional relinquishment or abandonment of a known right or privilege" by the accused. Johnson v. Zerbst, 304 U. S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). This, of course, means that the written waiver must be read to an illiterate defendant, or it must be read with understanding by a literate defendant.

A waiver must be more than a written statement to withstand a challenge that it was not made voluntarily or intelligently. Carnley v. Cochran, *supra*; Molignaro v. Dutton, 373 F.2d 729 (5th Cir. 1967); Meadows v. Maxwell, 371 F.2d 664 (6th Cir. 1967); Williams v. Green, 270 F.Supp. 977 (D.C.Ohio 1967). A stenographic or mechanical

verbatim recording of the required questions and answers set out above is therefore indicated to reflect adequately whether this waiver was given voluntarily and knowingly. Cárnley v. Cochran, *supra*; see Boykin v. Alabama, 395 U.S. 283, 244 n. 7, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969). *See also*, Rule 6(c), Federal Rules of Procedure for United States Magistrates (1969). The procedure of having a verbatim record will serve to protect not only the rights of the accused, but also it will save the defendant peace justices from having to testify in an evidentiary hearing necessitated by post-conviction attacks on the conviction, *see e. g.*, Boykin v. Alabama, *supra*, at 244 n. 7, 89 S.Ct. 1709; In re Gault, 387 U.S. 1, 58, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *see also* Williams v. Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969) (holding failure to provide petitioner with free transcript for appeal of city court conviction was reversible error). Furthermore, it will lessen the burden of post-conviction review machinery, it will relieve the reviewing court of the burden of reconstructing the record, and it will answer a rule to show cause issued to inquire why the peace justice should not be held in contempt for violation of this order, if the contention is made that he has not followed the directives of this order in good faith.

3. Further, it is ordered that the conviction of plaintiff Goodale imposed on December 30, 1968, by the Justice of the Peace Court, Eighth District, Volusia County, be vacated. No opposition to this relief was expressed at the hearing or in the pleadings. It was admitted that he did not have counsel made available to him. Because plaintiff Goodale served the maximum time required under the sentence, as it was limited by operation of Florida Statutes, section 922.04, by which he was released after sixty days, no leave is granted to the State to rearrest, rearraign and retry plaintiff. For reasons discussed above and in Steadman v. Duff, 302 F.Supp. 313 (M.D.

Fla.1969), exhaustion of state remedies is not required.

4. The request to vacate the sentence of plaintiff Bramlett, imposed on January 24, 1969, by the Justice of the Peace Court, Tenth District, Volusia County, is denied, for the reason that the complaint requesting this relief in the nature of habeas corpus was not filed until after plaintiff Bramlett had been released on completion of his sentence. The statute requires that a petitioner be "in custody", at least at the time of original filing of the petition. 28 U.S.C. § 2241.

5. Finally, this Court will state that this injunction, with its implied sanction of contempt for failure to comply in good faith with its provisions, may be dissolved or modified upon application to this Court by defendants at such time as a showing can be made that Florida law recognizes and requires procedures at least as effective as those contained in this order to preserve the constitutional guarantee of right to counsel for those unable to afford legal assistance who are accused of misdemeanors before justice of the peace courts.