Steven B. Derounian, J.
The basis of this application, made by the Legal Aid Society of Nassau County and James J. McDonough as attorney in charge of the Legal Aid Society of Nassau County, is the refusal by the Hon. Alfred Samenga, a Judge of the District Court of Nassau County, to permit the *419 petitioner to continue to represerit one Douglas Peach on a pending charge of violating section 240.20 (subds. 5, 6) of the Penal Law.
The history of the case in the District Court is as follows:
On June 24, 1971 defendant Peach appeared pro se in the Arraignment Part of the District Court in response to the charge, supra. At that time it is alleged Peach indicated he could not afford an attorney and the matter was adjourned to June 20, 1971 and July 29,1971 when defendant was arraigned. At that time defendant was represented by the Legal Aid Society to whom the case had been referred and who accepted defendant as a client.
It is alleged that petitioner represented defendant at conferences held on September 16, 1971 and October 4, 1971 before Judge Samexga when the matter was marked ready for trial. At that time Judge Samenga refused to permit the petitioner to continue to represent Peach because to quote from Judge Samenga’s affirmation, dated October 14, 1971: “ It is manifest that the responsibility to make full, honest and clear disclosures rests upon those applying for legal assistance and that failure or refusal to do so, as was the case with Douglas Peach, is of such a grave nature that the Court can only resolve the issue by denying the application for assignment of free counsel until such time as Douglas Peach demonstrates that he is entitled thereto. ’ ’
In the affidavit submitted by Peach in support of his application to be assigned free counsel, dated July 20, 1971, Peach states that he is 18 years of age, single, and resides in Nassau County; that his father is employed earning $720 per month net; his parents own a home valued at $25,000 on which there is a mortgage (amount not set forth); the parents own a 1969 car which is financed. The application indicates that Peach is a student with a notation that as of October 12, 1971 he is no longer a student, but unemployed. He sets forth expenses of $1,069 a month, which obviously are attributable to the parents since they include rent or mortgage payment of $191, $200 per month for food, utilities, home insurance, etc. There is a statement at the end of the affidavit, handwritten, ‘1 Mother states they are so far in debt they cannot afford [private] counsel for [defendant].”
In the opposing affirmation submitted by Judge Samexga, he states that upon ascertaining that Peach is unemancipated, he determined that inquiry should be made into the true financial circumstances of those responsible for Peach, namely, his parents. He adjourned the matter to October 12, 1971 so as to *420 permit the defendant to return to court with a copy of his father’s income tax return for 1970' and be accompanied by his parents. On October 13,1971 the defendant returned without his parents and without the tax information. (Petitioner alleges that defendant stated his mother could not find the return.) Since the defendant provided no proof of parental income, at that point the court adjourned the matter to October 21, 1971 and directed the defendant to obtain private counsel.
The issues in petition are the same as those raised in Matter of Roger Ribakoff, bearing the same caption as this.
The court finds that the petitioner has failed to join a necessary aggrieved party in this proceeding, namely, Peach, and the petition is, therefore, defective. Presumably the petitioner believes itself to, be an aggrieved party. However, this does not eliminate the necessity of joining the defendant.
Petitioner proceeds under CPLR 7802 (subd. [c]) entitled ‘ ‘ Prohibition in favor of another ’ ’, which states: ‘1 Where the proceeding is brought to restrain a body or officer from proceeding without or in excess of jurisdiction in favor of another, the latter shall be joined as a party.'” (Emphasis supplied.)
However, the court will overlook the defect and in the interests of justice make its determination on the merits.
Turning to the first consideration, namely, whether Judge Samexga possesses the requisite authority to make the determination under review, section 722 of the County Law provided in part:
“ Plan for representation. — The board of supervisors of each county and the governing body of the city in which a county is wholly contained shall place in operation throughout the county by December first, nineteen hundred sixty-five a plan for providing counsel to persons charged with a crime, who are financially unable to obtain counsel. Each plan shall also provide for investigative, expert and other services necessary for an adequate defense. The plan shall conform to one of the following:
‘11. Representation by a public defender appointed pursuant to county law article eighteen-A.
“2. Representation by counsel furnished by a private legal aid bureau or society designated by the county or city, organized and operating to give legal assistance and representation to persons charged with a crime within the city or county who are financially unable to obtain counsel.
“ Any judge, justice or magistrate assigning counsel pursuant .to sections one hundred eighty-eight, three hundred eight and *421 six hundred ninety-nine of the code of criminal procedure, or in assigning counsel to a defendant when a hearing has been ordered in a proceeding upon a motion for a writ of error coram nobis, shall assign counsel furnished in accordance with a plan conforming to the requirements of this section ’
Four different plans are available for a county under article 18-B of the County Law. Nassau County adopted a plan of representation utilizing the Legal Aid ¡Society rather than a public defender, and thereafter contracted with the Legal Aid Society of Nassau County to represent indigents charged with crime. N.B. — Neither the petitioner nor respondent has supplied the court with a copy of the contract between the county and Legal Aid Society. This court, therefore, is unable to consider any of the terms of this contract and their effect, if any, on this proceeding.
While article 18-A of the County Law enunciates the duty of a public defender, there is no similar section with respect to the Legal Aid Society. Inasmuch as Nassau County is given a choice of providing representation for indigents through a public defender or the Legal Aid Society (County Law, § 722, subds. 1, 2, supra) it is only reasonable to conclude that since the underlying purpose is identical, the duties of either selection will be the same. The cost for either is a county charge.
Section 722-d, “ Duration of Assignment ”, of the County Law provides: 1 ‘ Whenever it appears that the defendant is financially able to obtain counsel or to make partial payment for the representation or other services, counsel may report this fact to the court and the court may terminate the assignment of counsel or authorize payment, as the interests of justice may dictate, to the public defender, private legal aid bureau or society, private attorney, or otherwise.” (Emphasis supplied.) The statute (722-d) makes it crystal clear that the court has the authority to terminate free legal aid when it determines the need for same has passed.
The Attorney-General of this State, in an opinion rendered by him (1966 Opns. Atty. Gen.) on April 21, 1966, at pages 84 and 85, states that in a county where a public defender has been selected as the mode for representation of indigents, “ The finality and duration of such determination is a judicial function.”
There is no dispute that in the criminal proceeding, which is the basis of the proceeding herein, the court may properly exercise jurisdiction over the assignment of counsel, pursuant to article 18-B of the 'County Law and section 35 of the Judiciary Law. This jurisdiction is necessarily continuing in nature and *422 it would be illogical to hold that whereas the court is given the initial responsibility to make inquiry to determine need for assigned counsel, it thereafter is without the authority to remove counsel for just cause, including a determination that the defendant has the financial means to provide counsel of his own selection. The court finds Judge iSamenga has the power and duty to explore into defendant’s eligibility for free legal aid. As the court stated in Matter of Ribacoff, “ The Court finds that Judge ¡Samexga’s inquiry is a responsible and refreshing judicial act, at a time when the news media almost daily reveals incidents of public moneys being disbursed with an unmerited and sometimes irresponsible largess.”
The court, having determined that Judge ¡Samenga acted within the scope of his judicial authority, now turns its attention to whether the determination was arbitrary, capricious, or an abuse of discretion.
When the defendant Peach failed to respond to the court’s directive, the court had no opportunity to probe into the financial background of the defendant’s family and those elements of inquiry which the Federal court in Bramlett v. Peterson (307 F. Supp, 1311, 1323) set down as possible avenues of inquiry to determine indigency.
The assignment of free legal counsel is discretionary with the court and when a defendant willfully refuses to comply and co-operate with the Judge who is attempting to exercise this discretion in a just and fair manner, said defendant certainly brings no merit with him in this review proceeding.
The court determines that Judge Samenga was vested with the inherent judicial power, insulated by the County Law and Judiciary Law, to make the determination under review and that he made a reasonable determination. The court determines that the refusal to approve defendant’s application for free legal counsel was neither arbitrary, capricious nor an abuse of the court’s discretion. The defendant approached the court apparently with an attitude that free legal counsel was his for the asking as a matter of right and this is a misinterpretation of the statute.
This matter has been set down for trial on October 21, 1971.
A short-form judgment is attached herewith. The court directs that the defendant be served with a copy of the judgment entered hereon and be given reasonable time in the discretion of the District Court within which to obtain counsel and a new trial date set therefor.