Everett B. Birch, Charlotte Amalie, St. Thomas, V. I., for Kruger and Birch.

W. W. Bailey, Charlotte Amalie, St. Thomas, V. I., for N. O. Wells.

Before MARIS, WOODBURY and KALODNER, Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiffs from an order of the District Court of the Virgin Islands dismissing their civil action for damages for an alleged conspiracy by the defendants to injure them in various ways. The dismissal was ordered because of their failure to appear at the time fixed for trial and prosecute the action. The case was brought without counsel and its prosecution by the plaintiffs appears largely to have been confined to applications for postponement of trial. In three instances the plaintiffs employed counsel to present these applications without giving such counsel authority to appear generally for them. On November 29, 1956, the day which the court had previously peremptorily fixed for trial, a further requested postponement was denied and upon the failure of the plaintiffs to proceed the court entered the order appealed from dismissing the action. The dismissal was with leave to reinstate the action if the plaintiffs should retain counsel who would enter a general appearance for them on or before January 15, 1957. No such appearance was entered, however.

Our examination of the record satisfies us that the district court was fully justified in the action it took. The reasons given for the requested postponements were largely that this case was dependent on the outcome of the plaintiff Du Boyce's appeal to this court in the case of Kruger & Birch, Inc. v. Du Boyce in which our opinion has been filed this day. 241 F.2d 849. An examination of the complaint in the present case, however, shows that the issues which it raises do not in any way involve the boundary dispute which was the subject of that case. The requests for postponement on this ground were clearly frivolous and the last of them was, therefore, quite properly refused.

The order of the district court will be affirmed.

Charles SMITH, Plaintiff-Appellant,

v.

The VILLAGE OF LANSING, a Municipal Corporation; Donald P. McFadyen, Evert C. Schultz and Jesse Wright, Defendants-Appellees.

No. 11919.

United States Court of Appeals
Seventh Circuit.

March 5, 1957.

Arthur Poorman, Chicago Heights, Ill., for appellant.

John J. Flynn, Chicago, Ill., Jack E. Walker, Lansing, Ill., for defendants-appellees.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

Plaintiff is the owner of certain real estate in the Village of Lansing, Cook County, Illinois. On this property is located a frame and stucco building containing three apartments. At the time the complaint herein was filed, defendant Schultz was the Mayor, and defendant Wright was the Building Commissioner of the Village. Defendant McFadyen was described as an attorney who was active in real estate and in building of new homes in the Village of Lansing.

The Village of Lansing brought a suit against plaintiff herein in the Circuit Court of Cook County, Illinois, Docket No. 51 C 3771. The pleadings in that case are not before us. However, it can be gathered from the record that the Village brought the suit to require demolition of plaintiff's building which was alleged to be so physically deteriorated as to be a fire and health hazard. Plaintiff herein appeared in that case and defended upon the merits. A decree favorable to the Village was entered. The Court found the building to be a menace to the health of the occupants of the building and the inhabitants of the Village; also, that the building was a fire hazard imperiling the occupants thereof and the Village as a whole.

The case was submitted to the Supreme Court of Illinois. Village of Lansing v. Hacker, 7 Ill.2d 258, 130 N.E.2d 265. It was also submitted to the Appellate Court of Illinois, First District. The Supreme Court found no constitutional questions had been presented or decided below and dismissed the appeal. Plaintiff herein then filed an application

for leave to appeal to the Appellate Court which court considered plaintiff's contentions as to errors of law and fact to be without merit and, therefore, denied the application.

In the complaint filed in the court below plaintiff alleges defendants Wright, Schultz and McFadyen conspired against him with intent to deprive him of his property rights in the Village of Lansing, and that the defendants committed unlawful acts against him, such as obstructing his efforts to secure permits for repairs and remodeling, although defendants knew the building could be repaired and made satisfactorily usable. It was further alleged the individual defendants unlawfully induced the Village to bring suit against him and that in the course of said litigation they indulged in trickery, subornation of perjury and perjury. Plaintiff further averred defendants misled the Circuit Court of Cook County into entering a decree requiring the demolition of his building within 120 days with the proviso that if he refused to do so, plaintiff herein would be punished for contempt of court.

Plaintiff sought a temporary restraining order without notice and without bond. Plaintiff also asked that the restraining order be made permanent that the Village of Lansing be ordered to permit him to make all necessary repairs and remodeling, and that he be awarded actual and punitive damages in the sum of Fifty Thousand ($50,000.-00) Dollars. The District Court granted the motions of the defendants to dismiss with prejudice.

No diversity of citizenship exists. The only possible basis for bringing this action in a Federal Court is a claimed violation of plaintiff's civil rights. Plaintiff does assert conclusions such as "Plaintiff has no adequate remedy in the state courts against the village of Lansing * * * and the three individual defendants," and "That this Honorable Court has the power and jurisdiction to enjoin the illegal confiscation and destruction of his property, person-

al punishment and further pecuniary losses in violation of the rights guaranteed him by the United States Constitution." The scope of the instant suit is explained by plaintiff in his brief: "This suit was filed first, for the purpose of preventing enforcement of an unjust, unconscionable and confiscatory decree and second, for recovery of damages due to defendants' wrongful and unlawful acts pursuant to conspiracy." Plaintiff's brief further stated: "The Federal courts have plenary jurisdiction to restrain the enforcement of unjust and unconscionable judgments and decrees."

The action by the Village of Lansing brought under Illinois statutes and an ordinance of the Village was filed in the Circuit Court of Cook County, a state court of general jurisdiction. A defense was made on the merits and so far as this record discloses, plaintiff was not prevented from urging any matter of defense which he considered appropriate. Furthermore, no proof was made or offered to sustain such allegations as that the decree was obtained by trickery, subornation of perjury or perjury.

Plaintiff avers that in the state court proceedings, he was prevented from using the original transcript. Under Illinois appellate practice either the original transcript of the evidence or a copy thereof must be incorporated in the record on appeal if such evidence is to be reviewed. If the appellant does not furnish a copy of such evidence, the original transcript can be used either by stipulation of the parties or by an order of the court. The plaintiff herein was either unwilling or unable to pay for a copy of the transcript, and an application was made to use the original. The Circuit Judge refused such request. In accordance with usual procedure, the Illinois Supreme Court did not pass upon any questions of evidence, and apparently for the same reason, did not transfer the case to the Appellate Court. However, the plaintiff eventually did procure a copy of the transcript

when he filed application for leave to appeal to the Appellate Court. Furthermore, there is no allegation or claim that plaintiff herein sought review of the decree of the Supreme Court of Illinois by the United States Supreme Court.

■ Title 28 U.S.C. § 2283 prohibits United States Courts from issuing injunctions to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. We hold there is nothing in the Civil Rights Act, Title 42 U.S.C.A. § 1981 et seq., that suspends or modifies this statute.

■ The individual defendants who plaintiff alleged conspired against him were two officials of the Village and a private citizen. It is not asserted that they acted "under color of law" but that in some way they prevailed upon the Village to bring suit against the plaintiff herein. Of course, many litigants who are unsuccessful believe that they have been deprived of some constitutional rights, but the Fourteenth Amendment of the United States Constitution and the Civil Rights Act do not "assure uniformity of decisions or immunity from merely erroneous action * * *." Snowden v. Hughes, 321 U.S. 1, 15, 64 S.Ct. 397, 404, 88 L.Ed. 497, opinion by Frankfurter, Justice. If the plaintiff is entitled to maintain this suit in the Federal Courts, the doors will be open for every unsuccessful litigant in State Court proceedings to demand that the Federal Courts be arbiters of the correctness of State Court decisions and judgments. Bottone v. Lindsley, 10 Cir., 170 F.2d 705, 707.

■ The Federal Court does not guarantee a citizen against loss through erroneous decisions of State Courts on questions involving state law. Moffett v. Commerce Trust Co., 8 Cir., 187 F.2d 242. We think the District Court was correct in dismissing the complaint.

Affirmed.