Ana Mercedes **PALÉS DE MÉNDEZ**

v.

**Jose C. APONTE, Secretary of Justice; Hon. Nilda Cortiella de Saavedra, Jesus Cortes & José Estrada Avilés, Judge, Marshal and Clerk respectively of the District Court of Puerto Rico, San Juan Part.**

**No. Civ. 314–68.**

United States District Court
D. Puerto Rico.
Jan. 8, 1969.

**312**

Santos P. Amadeo, San Juan, P. R., for plaintiff.

Noel González Reichard, San Juan, P. R., for the Commonwealth.

## MEMORANDUM OF OPINION AND SUMMARY JUDGMENT

### I

### HISTORY OF THE SUIT

CANCIO, Chief Judge.

Plaintiff herein, on May 8, 1968, filed a complaint for injunctive relief under the Civil Rights Act of April 20, 1871, 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343(3), praying this Court to issue a preliminary and final injunction against defendants to enjoin them from enforcing a criminal judgment of the District Court of Puerto Rico, San Juan Part, imposing on plaintiff a Ten ($10) Dollar fine or a Ten (10) Day jail term for breach of the peace. Plaintiff contended that said judgment was null and void because it had been rendered in violation of the Due Process Clause of the Fifth Amendment to the Constitution of the United States.

Plaintiff also prayed this Court to order defendants to strike from the records of said District Court any reference to her trial, conviction and sentence in criminal case number M65–2952 for breach of the peace, inasmuch as said judgment entailed collateral consequences which besmirched her good name and reputation.

Defendants, on May 28, 1968, moved this Court to dismiss the complaint on the grounds that the Court lacked jurisdiction to enjoin defendants to strike from the court records any reference to the trial, conviction and sentence of the plaintiff.

On June 6, 1968, plaintiff filed a motion in opposition to the motion to dismiss the complaint. On September 13, 1968, defendants again moved this Court to dismiss the complaint, contending that, inasmuch as plaintiff had paid the Ten ($10) Dollar fine levied by the District Court of Puerto Rico, San Juan Part, the case had become moot; and also prayed this Court to deny the issuance of a final injunction against defendants.

Plaintiff filed on September 20, 1968 a motion admitting that while the case had become moot in regard to the injunction sought to prevent the execution of the criminal judgment, it was not moot as to the injunction sought to strike from the District Court records any reference to plaintiff's trial, conviction and sentence.

On October 16, 1968, this Court issued an order granting defendant's motion to dismiss as to the first cause of action. As to the second cause of action, the Court granted defendants ten (10) days in which to file a reply brief. On October 22, 1968, however, defendants filed a memorandum in support of their motion to dismiss the complaint and moved this Court to dismiss it as to the second cause of action.

On November 15, 1968, this Court granted defendants' motion to dismiss and held that the power of federal courts does not embrace the power to direct a state court to modify or set aside a state court judgment. The Court, in fact, failed to find any authority to show that a court of equity is invested

with power to strike from the records of another court a judgment rendered by such other court.

On November 21, 1968, plaintiff filed a motion for rehearing together with a memorandum opposing defendants' motion for dismissal of the case. On November 29, 1968, defendants moved this Court to dismiss petitioner's motion for rehearing. On December 9, 1968, however, plaintiff filed a motion to amend the complaint as follows:

" * * * That plaintiff moves this Court for leave to amend the above prayer [of the complaint in the instant case] to read as follows:

"WHEREFORE, the plaintiff respectfully prays this Court to issue a declaratory judgment under 28 U.S.C. A. 2201 and declare whether the criminal judgment and sentence rendered against plaintiff by the District Court of Puerto Rico, San Juan Part, on August 26, 1965, in criminal case number M65–2952, was in violation of the holding of the United States Court of Appeals for the First Circuit in the case of Figueroa Ruiz v. Delgado, 359 F.2d 718 (1966).

"Plaintiff further prays that if this Court should find that said judgment was null and void under the above holding of the United States Court of Appeals for the First Circuit, it issue a mandatory injunction or writ of mandamus directing the Hon. Nilda Cortiella de Saavedra, judge of the District Court of Puerto Rico, San Juan Part; and José Estrada Avilés, clerk of the same court, to strike from the court records any reference to the trial, conviction and sentence of the plaintiff; or directing them to deliver to the Clerk of this Court all records, documents, entries and papers relative to plaintiff's conviction and sentence in order that his Court may determine their final disposition.

"Plaintiff further prays this Court to grant any proper proceeding for redress as authorized by 42 U.S.C.A. 1983; 28 U.S.C.A. 377; and 28 US CA 1651(a)."

On the same date, December 9, 1968, plaintiff filed a motion for summary judgment and prayed for a hearing on the grounds that 28 U.S.C.A. § 2283 does not bar a federal court from issuing an injunction in an action grounded on 42 U.S.C.A. § 1983 when the suit in the state court has terminated. Plaintiff further contended that this Court is empowered to issue a mandamus or any other remedy to redress her rights under 42 U.S.C.A. § 1983.

II

CONCLUSIONS OF FACT

Plaintiff herein is a public high school teacher, a citizen of the United States and of the Commonwealth of Puerto Rico.

On May 28, 1965, a criminal complaint was filed in the District Court of Puerto Rico, San Juan Part, charging plaintiff with a violation of Article 368 of the Penal Code of Puerto Rico, Title 33, L. P.R.A. section 1438 (breach of the peace).

On August 28, 1965 plaintiff stood trial before the Hon. Nilda Cortiella de Saavedra—a defendant herein—who acting both as judge and prosecutor under 34 L.P.R.A., section 59 of the Code of Criminal Procedure of Puerto Rico, found the plaintiff guilty as charged and sentenced her to pay a Ten-Dollar fine or serve Ten days in jail.

Plaintiff appealed this judgment to the Superior Court of Puerto Rico, San Juan Part, on August 27, 1968. As provided by law, plaintiff's appeal was based solely on the record prepared by the judge-prosecutor of the lower court. On February 27, 1968, the Hon. César Bobonis Díaz, Superior Judge, affirmed the lower court's judgment.

On a motion to reconsider, plaintiff attacked on March 4, 1968, the Superior Court's affirmance of her conviction and sentence on the ground that the judgment was null and void because she had been tried and sentenced by a judge-prosecutor in violation of the doctrine established by the United States Court

of Appeals for the First Circuit in Figueroa Ruiz v. Delgado, supra.

Obviously, plaintiff refrained from seeking review on certiorari before the Supreme Court of the Commonwealth because the question involved in her trial and conviction was the credibility of the witnesses' conflicting testimony, which she could only challenge on the basis of a record prepared by the judge-prosecutor. Furthermore, plaintiff found herself barred from attacking the proceedings of her trial and conviction before the Supreme Court in view of a memorandum addressed by the Chief Justice of said Court to all the courts of Puerto Rico stating that the doctrine of Figueroa Ruiz v. Delgado, supra, was not binding upon the courts of the Commonwealth, in light of the decision of that Court in People v. Barranco, decided on June 24, 1965.

Defendant, Hon. Nilda Cortiella de Saavedra, is the District Judge of Puerto Rico, San Juan Part, who comingling the functions of judge and prosecutor, tried, convicted and sentenced plaintiff. And defendant José Estrada Avilés, as clerk of said court, is the custodian of the records and proceedings of said court, being also empowered to enforce the court's orders, judgments, decisions and decrees.

### III

### CONCLUSIONS OF LAW

After due consideration of the briefs and memoranda of the parties herein, this Court declares:

█ There is no question that plaintiff was convicted in the District Court of Puerto Rico, San Juan Part, in violation of the Due Process Clause of the Fifth Amendment to the Constitution as construed by the United States Court of Appeals for the First Circuit in the case of Figueroa Ruiz v. Delgado, supra.

█ Although it is true that plaintiff was tried before *Figueroa Ruiz* was decided, the doctrine in this case is retroactively applicable inasmuch as the commingling of the functions of the judge and prosecutor in the same person, as authorized by the Code of Criminal Procedure of Puerto Rico, affected the very integrity of the fact-finding process in such a way that it might lead to the conviction of an innocent person. Linkletter v. Walker, 381 U.S. 618, 639, 85 S.Ct. 1731, 14 L.Ed.2d 601; Tehan v. United States ex rel. Shott, 382 U.S. 406, 416, 86 S.Ct. 459, 15 L.Ed.2d 453; Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, 889 (1966).

Any attempt by plaintiff to review on certiorari before the Supreme Court of Puerto Rico the affirmance of her conviction by the Superior Court, San Juan Part, would have been futile in view of the memorandum circulated by the Supreme Court of the Commonwealth instructing all lower courts to ignore the decision of the United States Court of Appeals for the First Circuit in Figueroa Ruiz v. Delgado, supra. Furthermore, under the holdings of the Supreme Court of the United States in McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622; and Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); it would have been unnecessary to attempt to review plaintiff's conviction before the Supreme Court of the Commonwealth.

Plaintiff's complaint alleged two causes of action: 1) prayer for a writ of injunction to enjoin defendants from enforcing the judgment of the District Court of Puerto Rico, San Juan Part, in any manner whatsoever; and 2) prayer for a writ of injunction directing defendants to strike from the record of the aforesaid District Court any reference to the trial, conviction and sentence of the plaintiff.

Plaintiff amended her complaint and moved this Court to issue a mandatory injunction or a writ of mandamus directing defendants to strike from the court records any reference to the trial, conviction and sentence of the plaintiff; or directing them to deliver to the Clerk of this Court all records, documents, entries and papers relative to plaintiff's conviction and sentence, in order that

this Court may determine their final disposition. Plaintiff further prayed this Court to grant any proper proceeding for redress as authorized by 42 U.S.C.A. § 1983; 28 U.S.C.A. § 377; and 28 U.S.C.A. § 1651(a).

Both plaintiff and defendants are in agreement that the first cause of action became moot upon the payment of the fine by the plaintiff. Nevertheless, plaintiff alleged that the second cause of action is not moot, inasmuch as her unconstitutional conviction entails ill collateral effects on her good name and reputation in that the extant record of the criminal judgment would be an indelible blemish on her reputation and good name as a member of the teaching profession and of society at large. Defendants never even attempted to challenge plaintiff's contention in this respect. Contrarywise, they limited their challenge to this Court's jurisdiction to grant relief sought by plaintiff under 28 U.S.C.A. § 2283 (1958 ed.), which provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

As the criminal judgment against plaintiff is null and void because it violated the Due Process Clause of the Fifth Amendment, there is no question that under 42 U.S.C.A. § 1983 and the decisions of the Supreme Court of the United States in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); and Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 1912, 20 L.Ed.2d 917 (1968), this Court, if it had jurisdiction, ought to grant the relief sought by plaintiff.

Stressing the significance of these holdings, the Supreme Court of the United States, in Sibron v. New York, supra, said:

"'* * * Three years later, in Pollard v. United States, 352 U.S. 354, 77 S. Ct. 481, 1 L.Ed.2d 393 (1957), the Court abandoned all inquiry into the actual existence of specific collateral consequences and in effect presumed that they existed. With nothing more than citations to Morgan and Fiswick, and a statement that 'convictions may entail collateral legal disadvantages in the future,' id., at 358, 77 S.Ct., at 484, the Court concluded that 'The possibility of consequences collateral to the imposition of sentence is sufficiently substantial to justify our dealing with the merits.' Ibid. The Court thus acknowledged the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences. The mere 'possibility' that this will be the case is enough to preserve a criminal case from ending 'ignominiously in the limbo of mootness.' Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 911, 4 L.Ed.2d 963 (1960) (dissenting opinion).

■■ This Court, after careful analysis of the memoranda filed by the parties in this case, concludes that 28 U.S.C.A. does not bar granting the remedy sought by plaintiff, inasmuch as said statutory provision only bars federal courts from *staying* proceedings in state courts which have already begun. But, as it clearly appears from the record, plaintiff's case in the state court is a terminated, finished and closed issue. Therefore, 28 U.S.C.A. § 2283 cannot, and must not be construed as a bar to plaintiff's cause of action before this Court. In Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, the Supreme Court of the United States plainly supports plaintiff's contentions as to the applicability of 28 U.S.C.A. § 2283. In footnote 2, at 484, 85 S.Ct. at 1119, the Court said:

"'* * * The District Court did not suggest that the statute denied

power to issue the injunctions sought. This statute and its predecessors do not preclude injunctions against the institution of state court proceedings, but only bar stays of suits already instituted. See Ex parte Young, supra, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714. See generally Warren, Federal and State Court Interference, 43 Harv.L.Rev. 345, 366–378 (1930); Note, Federal Power to Enjoin State Court Proceedings, 74 Harv.L.Rev. 726, 728–729 (1961). Since the grand jury was not convened and indictments were not obtained until after the filing of the complaint, which sought interlocutory as well as permanent relief, no state 'proceedings' were pending within the intendment of § 2283. To hold otherwise would mean that any threat of prosecution sufficient to justify equitable intervention would also be a 'proceeding' for § 2283. Nor are the subsequently obtained indictments 'proceedings' against which injunctive relief is precluded by § 2283. The indictments were obtained only because the District Court erroneously dismissed the complaint and dissolved the temporary restraining order issued by Judge Wisdom in aid of the jurisdiction of the District Court properly invoked by the complaint. We therefore find it unnecessary to resolve the question whether suits under 42 U.S.C. § 1983 (1958 ed.) come under the 'expressly authorized' exception to § 2283. Compare Cooper v. Hutchinson, supra, 3 Cir., 184 F.2d 119, 124, with Smith v. Village of Lansing, supra, 7 Cir., 241 F.2d 856, 859. See Note, 74 Harv.L. Rev. 726, 738 (1961)."

Therefore, this Court is unquestionably empowered to issue a mandatory injunction, a writ of mandamus or any other remedy under 42 U.S.C.A. § 1983 and the All Writs Act, 28 U.S.C.A. 1651(a) in order to safeguard plaintiff's civil and constitutional rights.

### ORDER AND JUDGMENT

Upon consideration of plaintiff's motions to amend the complaint and for summary judgment, the same are granted. Defendants' motions for dismissal are denied.

Ordered, that defendants, Hon. Nilda Cortiella de Saavedra, Judge of the District Court of Puerto Rico, San Juan Part, and José Estrada Avilés, Clerk of the same, deliver to the Clerk of this Court all records, documents, entries, references and papers relative to plaintiff's trial, conviction and sentence in criminal case number M65–2952 (breach of the peace) in order that this Court may determine their final disposition.