**ELMWOOD PROPERTIES, INC.,**
**Plaintiff-Appellant,**

v.

**Murray CONZELMAN et al., Defendants-**
**Appellees.**

**The JOHN ALLAN COMPANY,**
**Plaintiff-Appellant,**

v.

**Murray CONZELMAN et al., Defendants-**
**Appellees.**

**Nos. 17606, 17607.**

United States Court of Appeals
Seventh Circuit.

Nov. 26, 1969.

---

**1026**

Maurice P. Raizes, Chicago, Ill., for plaintiffs-appellants.

George B. Collins, Alan O. Amos, Chicago, Ill., Murray R. Conzelman, Waukegan, Ill., for defendants-appellees.

Before CASTLE, Chief Circuit Judge, HASTINGS, Senior Circuit Judge, and GORDON, District Judge.[1]

MYRON L. GORDON, District Judge.

This is an appeal from an order granting the defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

The plaintiffs are two corporations which brought suit under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, against the mayor, corporation counsel, housing inspector, and aldermen of the city of Waukegan, Illinois.

On September 8, 1964, the city council of Waukegan passed a resolution, the effect of which was to prevent any future use of property for residential purposes in a designated area of the city. The council determined that this "blighted" area was no longer proper for residential use, but that it could be put to other uses. The plaintiffs owned two buildings in this area of the city.

Over three years later, in January, 1968, the housing inspector of Waukegan sent notice to the plaintiffs that certain repairs were required for the buildings or they would be demolished. The plaintiffs applied for building permits to improve the buildings to meet the new standards, but the applications were denied. Subsequently, the defendants began demolition proceedings in the circuit court of Lake County. That action is still pending.

The plaintiffs' action was brought under two statutes. The first, 42 U.S.C. § 1983, provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In Stringer v. Dilger, 313 F.2d 536, 540 (10th Cir. 1963), the court said:

"The statutory prerequisites to liability under 42 U.S.C. § 1983 are: (1) that the defendant act 'under color of' state or local law, and (2) that the plaintiff be subjected to a 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'"

---

1. The writer of this opinion is sitting by designation from the United States District Court for the Eastern District of Wisconsin.

The plaintiffs allege that their rights to due process under the fifth and fourteenth amendments were violated. They charge that their properties were condemned without payment of compensation, and that they were discriminated against by the defendants.

It is not essential to determine that the resolution passed by the city council was a zoning ordinance in order to conclude that the council possessed the right to limit a specific area of the city to certain uses. In Mosher v. Beirne, 357 F.2d 638, 641 (8th Cir. 1966), the court said:

"* * * ordinances validly prohibiting the operation of certain businesses without first obtaining municipal permission do not deprive one of his property without due process of law nor deny one the equal protection of the law * * *."

As an ordinance restricting the use of a well-defined area of the city, the enactment is not to be condemned as a device for taking private property without compensation.

Another claimed violation of due process stems from the action of the city in ordering repairs or demolition and then refusing to allow repairs. In his memorandum opinion, the trial judge found that "[a]pparently, the plaintiff did not wish to repair the building for use as a nonresidential area." Since it was proper for the city council to retrict this area to nonresidential use, it follows that the denial of a permit on this basis is permissible.

Even if the denial of the permit were to be deemed inappropriate, the plaintiffs complain here while the avenue of administrative appeal remains open to them. There is a suit pending in the circuit court of Lake County [City of Waukegan v. Elmwood Properties, Inc., 68 ED 4756 (1968)]. An ordinance of the city of Waukegan sets forth the procedure when review is desired. Section 127.51 of the city ordinances provides as follows:

"Report—The board of survey shall determine its findings, and submit a report in writing affirming or modifying the order of the building official in whole or in part and recommending the remedial steps to be taken to render the building or structure safe."

The court in Basista v. Weir, 225 F. Supp. 619, 625 (W.D.Pa.1964), in an action under § 1983, stated:

"The Civil Rights Act was never intended to displace state remedies. It was created as a guarantee that a remedy would be provided where the State for ulterior or no reasons would not or could not provide one. Basista had been provided with state remedies but he chose not to avail them. He showed no reasons for refusing them. While it is true that a party is not required to exhaust his state remedies before resorting to federal rights action or even using them concurrently (Screws v. United States, *supra*); Monroe v. Pape (1961), 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, the reason for failing to take advantage of state remedies may as here provide the shading or coloration required to distinguish in the remedy pursued between redress of a violation of civil rights and retaliation for an affront to personal pride."

It appears that the due process violations which the plaintiffs allege would be sufficiently overcome by a utilization of the available state remedies. Under Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), an exhaustion of state remedies is not required; nevertheless, when, as here, an exhaustion of remedies will eliminate any possible constitutional problems, then that route should be followed.

The second statute relied on by the plaintiffs is 42 U.S.C. § 1985(3), which provides in part:

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal

protection of the laws, or of equal privileges and immunities under the laws * * * the party so injured or deprived may have an action for the recovery of damages * * *."

Section 1985 provides an action for one who has suffered a deprivation of equal protection of the laws. Jennings v. Nester, 217 F.2d 153 (7th Cir. 1954). In order for there to be a deprivation of equal protection under section 1985, there must be a "purposeful discrimination". Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Snow v. Gladden, 338 F.2d 999 (9th Cir. 1964). There has been no showing here that the defendants purposefully discriminated against these plaintiffs.

There is an allegation in the amended complaint that the plaintiffs were discriminated against as compared to owners of property not located in the delineated area; this, however, is not the relevant test. The test is whether these plaintiffs were denied equal protection of the laws as compared with other owners in the so-called blighted area. No allegations of this are in evidence, and there has been no showing of a deprivation of constitutionally protected rights.

The district court did not err in dismissing the plaintiffs' amended complaint.

Judgment affirmed.