Lassie Fay **WILKERSON** et al.,
Appellants,

v.

The **CITY OF CORALVILLE,**
**IOWA,** et al., Appellees.

No. 72-1514.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1973.

Decided April 30, 1973.

J. Jane Fox, Iowa City, Iowa, for appellants.

John P. Sizemore, Iowa City, Iowa, for apellees.

Before GIBSON and ROSS, Circuit Judges, and BENSON,* District Judge.

BENSON, District Judge.

This is an appeal from a summary judgment of dismissal in a class action brought under 42 U.S.C. § 1983.

Appellants (residents) reside in an unincorporated platted area of Johnson

---

* Benson, Chief Judge, United States District Court, District of North Dakota, sitting by designation.

County, Iowa, known as Summit Hills. The territory adjacent to and surrounding Summit Hills, with the exception of one small farm, has been annexed by the City of Coralville (Coralville). It is not disputed that the conditions in Summit Hills are as described by the District Court:

"Its 119 lots are owned by 31 persons individually or jointly with their spouses. It contains 11 dwelling houses and two trailers. There are no dedicated public streets or roads. The private roads are not paved, and are not maintained by Coralville or Johnson County. They become impassable in rain or snow. There are no sidewalks or rain gutters. Fire protection is inadequate because of lack of fire hydrants, although the Coralville Fire Department answers calls from that area. The only two street lights are maintained by residents who installed them.

Only three houses have city water. The water supplies and sewage facilities are inadequate and constitute an inconvenience to the residents, and a danger to health, safety and property. There is no trash or garbage pickup in Summit Hills."

The Iowa Code provides that annexation proceedings may be initiated by resolution of the governing body of the annexing municipality, Section 362.26 (Supp.1972); or by application signed by all of the owners of the territory to be annexed, Section 362.30 (1946); or by petition of 10% of the owners of the territory to be annexed, Section 362.31 (Supp.1972).

In proceedings initiated by Coralville, the voters of the city, on April 19, 1966, approved the annexation of certain territory, which included Summit Hills. On April 1, 1969, the Coralville City Council deleted part of the total annexation package, including Summit Hills. The Johnson County Iowa District Court, on June 23, 1969, entered its judgment which approved the proposed annexation, excluding Summit Hills.

Residents then filed this action in United States District Court for the Southern District of Iowa. Coralville defendants moved for dismissal on the grounds that the complaint failed to state a claim upon which relief could be granted. Matters outside the pleadings were presented without objection, and the Court treated the motion as one for summary judgment. It found the action to be barred by the Iowa Statute of Limitations, but also concluded plaintiffs had presented no cause of action upon which relief could be granted, and entered its summary judgment of dismissal. Residents have taken this appeal as against the Coralville defendants only. Without considering the statute of limitations issue, we affirm on the basis that the complaint fails to state a claim upon which relief can be granted.

Residents, in seeking relief under 42 U.S.C. § 1983, have alleged, in effect, that Coralville and the individual defendants in their representative capacity as officials of Coralville, under color of authority vested in them by the laws of Iowa, discriminated against residents by refusing to annex Summit Hills by reason of the poverty of the residents. They contend that the failure to annex subjects them to discrimination in that it deprives residents of municipal services in violation of their rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. They demand affirmative and injunctive relief, and actual and punitive damages.

The basic requirements of a § 1983 complaint are: (1) that complained conduct was under color of state law, and (2) that such conduct subjected plaintiff to a deprivation of rights, privileges or immunities secured by the Federal Constitution and laws. Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969); Stringer v. Dilger, 313 F.2d 536 (10th Cir. 1963); Elmwood Properties, Inc. v. Conzelman, 418 F.2d 1025 (7th Cir. 1969); Morey v. Independent School District, 312 F. Supp. 1257 (D.C.Minn.1969), aff'd 429 F.2d 428 (8th Cir. 1970). The allega-

tions necessary to state a § 1983 claim are not to be held insufficient unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Jones v. Hopper, *supra*.

For purposes of examining the sufficiency of the complaint, we assume residents could prove Coralville excluded the Summit Hills area from annexation because of the poverty of the residents, and we must determine whether those facts would entitle residents to relief.

The record discloses that the annexation proceedings which resulted in Summit Hills being excluded from annexation were initiated by the governing body of Coralville, and related to a total annexation package of which Summit Hills was but a part. There is no indication that any effort has been made by the *owners* of the Summit Hills territory to achieve annexation by pursuing the procedures available under the Iowa Code, § 362.30 (1946), or § 361.32 (Supp. 1972).[1] Residents do not allege, and there is nothing in the record to indicate, that Coralville would be required to extend municipal services to annexed territory, and there is a serious question as to whether this is a proper class action.[2]

Overlooking these obvious deficiencies in residents' case as it comes before this Court, and assuming that the right to municipal services would arise from annexation and that all procedural remedies to achieve annexation had been exhausted, the complaint still fails.

In seeking relief under the Equal Protection Clause, residents are not questioning a classification created by state law, nor have they alleged that a state law impinges upon a substantive right or liberty created by the Constitution. Their claim is simply that the Equal Protection Clause prohibits Coralville from exercising its powers derived under state law from refusing to annex Summit Hills, because the residents thereof are impoverished. Residents' counsel has expressed it thusly:

"Plaintiffs do not contend that the City of Coralville is required to provide municipal services to persons who are not residents of that city. Plaintiffs contend that the fact they are outside the City of Coralville is an overt act of discrimination by Defendants in violation of Plaintiffs' Civil Rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. It is because Plaintiffs have thus been discriminated against that they do not receive municipal services. . . . Plaintiffs have the *right* not to be excluded from annexation on the basis of their poverty." (Emphasis added)

From a search of the Constitution, statutes, cases, and Iowa laws, this Court cannot find the right which residents assert. We find no right of annexation available to anyone, owners or residents, regardless of economic status. Whether Coralville, in the exercise of its powers relating to the annexation of territory, should be permitted to encircle and exclude an impoverished area is a matter of legislative policy for the State of Iowa.

The cases upon which appellants rely relate to poverty as a suspect classifica-

1. The District Court noted the Iowa Statutes provide for financing of most improvements by special assessments. Iowa Code Ann. § 391.45 (1949). It is conceivable that owners do not desire to assume burdens which would be created by extending municipal services to the area which the residents seek.

2. The residents (plaintiffs-appellants) purport to represent all of the residents of Summit Hills. On the record, it is ques-

tionable they fairly and adequately represent the interest of all members of the class, or that their claim is typical of the claim of the representative class. We note two of the original plaintiffs-residents withdrew because they no longer wished to be plaintiffs in this action. *See* Ihrke v. Northern States Power Company, 459 F.2d 566 (8th Cir. 1972); Crawford v. Texaco, Inc., 40 F.R.D. 381 (S.D.N.Y. 1966).

tion when it results in the denial of the exercise of fundamental rights as in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1955); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Harper v. Virginia Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

The relative hardships endured by the residents of Summit Hills, by reason of the absence of municipal utilities, evokes concern. However, appellants' argument in the case before us is not unlike that addressed to the Supreme Court in Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), wherein the Court found the law of the State of Oregon did not violate the Equal Protection Clause. Mr. Justice White, in his opinion for the Court, said:

> "Appellants argue, however, that a more stringent standard than mere rationality should be applied both to the challenged classification and its stated purpose. They contend that the 'need for decent shelter' and the 'right to retain peaceful possession of one's home' are fundamental interests which are particularly important to the poor and which may be trenched upon only after the State demonstrates some superior interest. They invoke those cases holding that certain classifications based on unalterable traits such as race and lineage are inherently suspect and must be justified by some 'overriding statutory purpose.' They also rely on cases where classifications burdening or infringing constitutionally protected rights were required to be justified as 'necessary to promote a compelling governmental interest.'
>
> We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide ~dicial remedies for every social and ~nomic ill. We are unable to per- ~ in that document any constitu- ` guarantee of access to dwellings ~rticular quality or any recogni- ~e right of a tenant to occupy

the real property of his landlord beyond the term of his lease, without the payment of rent or otherwise contrary to the terms of the relevant agreement. Absent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions." at 73, 92 S.Ct. at 874.

It is not the province of this Court to create substantive Constitutional rights in the name of guaranteeing equal protection of the laws. San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

Affirmed.