**Hy BROSTEN, Plaintiff,**

v.

**Thomas SCHEELER, Individually and as Mayor of the City of Park City, Ill., et al., Defendants.**

No. 73 C 592.

United States District Court, N. D. Illinois, E. D.

June 11, 1973.

**610**

Michael G. Stein, Chicago, Ill., for plaintiff.

Alan O. Amos, Collins & Amos, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motions to dismiss the complaint and the amendment to the complaint.

This is an action to redress the alleged deprivation of the plaintiff's civil rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. §§ 1331 and 1343.

The plaintiff, Hy Brosten, is a property owner in Park City, Illinois and since December 3, 1957, prior to the date of incorporation of Park City, the plaintiff has operated his business of selling auto parts and salvage, known as Hy-Way Sales, on said property. The defendant, Thomas Scheeler, is presently Mayor of the City of Park City, Illinois ("Park City") and prior to becoming mayor held an official municipal position as a member of the City Council of Park City. The defendant Eugene M. Snarski is presently the City Attorney of Park City and has held this official position at least since 1966. The defendant Francis Murphy is presently the Building Commissioner of Park City. Defendant John Palmieri is presently an alderman of Park City and as such is a member of its City Council.

The complaint consists of three counts. Count I alleges a continuing pattern of harassing the plaintiff in violation of 42 U.S.C. § 1983. Count II alleges a conspiracy to deprive the plaintiff of his constitutional rights in violation of 42 U.S.C. § 1985. Count III alleges the constant harassment of the plaintiff by defendant John Palmieri in violation of 42 U.S.C. § 1985.[1]

The amendment to the complaint adds Count IV which alleges that the defendants refused to issue the plaintiff a building permit in violation of some unspecified section of the Civil Rights Act.

In his complaint, the plaintiff alleges, *inter alia*, the following facts:

1. Plaintiff has owned and operated his business since 1957. Subsequent to the incorporation of Park City, its City Council passed ordinances in 1963 and again in 1968 which are said to provide for the

---

1. The plaintiff contends that there was a typographical error and the acts alleged in Count III were in violation of 42 U.S.C. § 1983.

regulation and licensing of junk yards. Plaintiff's business and one other business were the only businesses affected by such ordiances. Thereafter, in 1966 plaintiff was issued four tickets for alleged ordinance violations and that each of these tickets was dismissed for want of prosecution.

2. In 1969 Park City filed a lawsuit against the plaintiff in the Circuit Court of Lake County. This suit asked that plaintiff be enjoined because of his non-compliance with city ordinances. Subsequent to the commencement of that action plaintiff engaged a contractor to draw plans to relocate his junk yard. Plaintiff entered into an oral settlement of the lawsuit. After this agreement was entered into, plaintiff changed his mind and attempted to rescind the settlement. On May 31, 1971 the trial judge refused to allow recission of the settlement agreement and entered the decree. Plaintiff appealed this decree to the Illinois Appellate Court and it was affirmed on July 18, 1972. Such acts of the defendants allegedly demonstrate a continuing pattern of harassment of the plaintiff by the defendants. As a result of the foregoing, plaintiff was allegedly deprived, under the color of law, of his auto parts and salvage business worth approximately $300,000 and the unfettered legal use of his property in violation of his constitutionally guaranteed rights of due process and equal protection as provided in the Fifth and Fourteenth Amendments to the United States Constitution.

3. Defendants agreed, combined, and conspired together to engage in the above described activities that wove a pattern of harassment under color of law that ultimately deprived plaintiff of his business and the lawful use of his property. Park City is a unique community comprised and zoned in large part as a mobile home community. One of the larger mobile home parks in Park City, owned and operated by defendant Palmieri, is just east of plaintiff's land where he carried on the business of selling auto parts and salvage. All of the defendant Park City officials, as well as some of their predecessors, such as the City's first but now deceased mayor, Gene Palmieri, own or are otherwise interested in the mobile home park business of this Community. The present mayor, defendant Scheeler, was aware of the conspiracy to harass plaintiff when he was in the City Council and since becoming mayor has continued to cooperate and further said conspiracy. The foregoing activities were the product of defendants' successful conspiracy to weave a pattern of official harassment with the intention and purpose of depriving plaintiff of his business, in violation of his civil rights.

4. Defendant Palmieri, acting under color of law in his position as alderman, has constantly harassed plaintiff for the purpose of having plaintiff's business operation removed. More specifically, the defendant, by closing the drainage culvert near plaintiff's land, has caused the plaintiff's property to be flooded and thus preventing Chestnut Street which is adjacent to the plaintiff's property from being used for ingress and egress to and upon said plaintiff's property.

5. The plaintiff under the zoning ordinances of Park City has a legal right to erect an office and warehouse building. The Building Commissioner, on December 21, 1972 gave his tacit approval to plans for an office and warehouse building and submitted the plaintiff's application for a permit to the City Council of Park City at

which time defendant John Palmieri made a motion to deny the permit until the property was cleaned up according to local ordinances. The motion was approved by the City Council. Article 1, Section 9(A) and (E) of the Park City Building Ordinance requires application for building permits to be submitted to the Building Commissioner. There is nothing in the ordinance which requires the consent of the City Council before a building permit is issued. The action of the City Council was contrary to the provisions of the Building Ordinance and was solely for the purpose of harassing and preventing plaintiff from building a legal structure on his premises.

The plaintiff seeks compensatory and punitive damages and injunctive relief.

The defendants, in support of their motion to dismiss the complaint and its amendment, contend:

1. The complaint does not state a cause of action for which relief can be granted under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and § 1985.

2. The complaint fails to properly allege that plaintiff's rights, as guaranteed by the Fifth and Fourteenth Amendments, have been violated.

3. Plaintiff has been afforded due process of law in that he consented by stipulation to the closing of his junk yard in the Circuit Court of Lake County.

4. The complaint fails to properly allege that plaintiff was denied equal protection of the law.

5. The complaint seeks, *inter alia*, to enjoin the defendants from enforcing a State Court decree; this Court is prohibited in this action from issuing such an injunction pursuant to 28 U.S.C. § 2283.

6. The defendants are city officials of Park City who have acted in their official capacities, and therefore, immune from an action for damages for such acts.

The plaintiff, in opposition to the instant motion, contends that the complaint and the amendment thereto adequately state a cause of action against the defendants.

It is the opinion of this Court that the plaintiff's complaint and the amendment thereto fails to adequately state a cause of action against these defendants under the Civil Rights Act of 1871.

I. THE PLAINTIFF FAILS TO ADEQUATELY STATE A CAUSE OF ACTION UNDER 42 U.S.C. § 1983.

The thrust of Counts I and III of the complaint is that the defendants violated the plaintiff's civil rights in passing certain resolutions and ordinances and in objecting to plaintiff's attempt to withdraw a stipulation in a case in the Circuit Court of Lake County for alleged failure to comply with a Park City ordinance. The plaintiff does not challenge the validity of any Park City ordinance. The plaintiff's action in Counts I and III is brought under 42 U.S.C. § 1983.[2]

■■ It is clear that the necessity for restrictions in municipal zoning ordinances have long been recognized along with certain rights of property owners. Village of Euclid, Ohio v. Ambler Realty

---

2. Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The plaintiff claims that the allegation of Count III of a "§ 1985" violation was a typographical error and should read "§ 1983." For the purposes of the instant motion the Court will treat Count III of the complaint as alleging a § 1983 violation.

Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). However, ordinances such as those complained of in the instant action which prohibit the operation of certain business without first obtaining municipal permission or without first complying with prescribed standards do not deprive one of his property without due process of law nor deny anyone equal protection of the law. Fischer v. City of St. Louis, 194 U.S. 361, 24 S.Ct. 673, 48 L.Ed. 1018 (1904); Mosher v. Beirne, 357 F.2d 638 (8th Cir. 1966). A local government exercise of its police power in withholding permission to carry on a trade or business which fails to fully comply with the local ordinance is not violative of rights secured by the Fourteenth Amendment. People of the State of New York ex rel. Lieberman v. Van de Carr, 199 U.S. 552, 26 S.Ct. 144, 50 L.Ed. 305 (1905).

Numerous federal courts have held that the enactment of zoning type ordinances by local municipal officials is not sufficient in and of itself to subject local officials to civil rights actions for denial of due process or equal protection. Garren v. City of Winston-Salem, North Carolina, 463 F.2d 54 (4th Cir. 1972); Elmwood Properties Inc. v. Conzelman, 418 F.2d 1025 (7th Cir. 1969); Mosher v. Beirne, supra; Wallach v. City of Pagedale, Missouri, 359 F.2d 57 (8th Cir. 1966); Smith v. Village of Lansing, 241 F.2d 856 (7th Cir. 1957).

The Civil Rights Acts do not legitimize the operation of a business within a municipality in violation of local ordinances enacted under the local government's police power and for the welfare of the community. The legislative history of civil rights legislation makes it clear that the thrust of the Civil Rights Acts is to protect persons against discriminatory legislation or treatment. The plaintiff in the instant action does not make any showing of discriminatory treatment. The thrust of the plaintiff's claim is that the de-

fendants enacted certain ordinances and passed certain resolutions which hindered and to some degree prevented the plaintiff from transacting his business and enjoying full use of his property.

It is the opinion of this Court that plaintiff's allegations in the complaint fail to rise to the stature of a Constitutional violation.

This Court is not unmindful of the broad and liberal interpretation which should be given to Civil Rights complaints. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Escalera v. New York City Housing Authority, 425 F.2d 853 (2nd Cir. 1970); Scher v. Board of Education of Town of West Orange, 424 F.2d 741 (3rd Cir. 1970); United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2nd Cir. 1970). However, there is no statutory or case law which would support this Court's usurpation or severe dilution of local powers by holding the non-discriminatory enacting of local zoning ordinances by a municipality to be a *per se* violation of 42 U.S.C. § 1983. Further, it is clear that a city may validly enforce its zoning ordinances, provided due process is afforded, without violation the Civil Rights Act. The plaintiff has failed to allege that he was discriminated against in the state court. The Illinois Appellate Court, contrary to the contentions of the plaintiff, held that the lower state court judgment was proper.[3]

A Federal district court is not the appropriate court of appeals for adverse state court rulings. Many litigants who are unsuccessful in state court believe that they have been deprived of some constitutional rights. The Fourteenth Amendment of the United States Constitution and the Civil Rights Act do not assure uniformity or the absolute correctness of state court rulings. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1943); Smith v. Village of Lansing, supra. If the plaintiff in the instant action is per-

---

3. See City of Park City v. Hy Brosten, 6 Ill.App.3d 474, 285 N.E.2d 528 (1973).

mitted to maintain this suit in federal district court the door will be open for every unsuccessful state court litigant to demand that the federal courts be arbiters of the correctness of state court decisions and judgments. This result is highly undesirable. See Smith v. Village of Lansing, *supra.*

Nothing in the complaint or in the pleadings to date reflect any discriminatory or unequal action on the part of the defendants in violation of 42 U.S.C. § 1983. This Court cannot presume such discriminatory action. Snowden v. Hughes, *supra.* Thus Counts I and III fail to sufficiently allege a § 1983 violation.

### II. THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER § 1985.

The plaintiff in Count II of the complaint alleges that the actions of the defendants constituted a conspiracy in violation of 42 U.S.C. § 1985.[4]

 Section 1985 applies only to a conspiracy to deprive some person or class of persons of equal protection and does not apply to conspiracy to deny due process. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Egan v. City of Aurora, 291 F.2d 706 (7th Cir. 1961); Jennings v. Nester, 217 F.2d 153 (7th Cir. 1954). The plaintiff in his complaint fails to sufficiently allege any facts in support of his claim that he has been denied equal protection. The facts alleged in the complaint cannot be interpreted to reflect that the plaintiff has been denied equal protection. Such conclusory allegations by a plaintiff are not sufficient to state a cause of action. Kadlec v. Illinois Bell Telephone Co., 407 F.Supp. 624 (7th Cir.

1969), cert. denied 396 U.S. 846, 90 S.Ct. 90, 24 L.Ed.2d 95 (1970); Eisman v. Pan Am. World Airlines, 336 F.Supp. 543 (E.D.Pa.1971). Thus the plaintiff has failed to adequately allege a violation of 42 U.S.C. § 1985 and Count II should be dismissed. Snow v. Gladden, 338 F.2d 999 (9th Cir. 1964); Norton v. McShane, 332 F.2d 885 (5th Cir. 1964); Hanna v. Home Insurance Co., 281 F.2d 298 (5th Cir. 1960), cert. denied, 365 U. S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 (1961).

### III. THE AMENDMENT TO THE COMPLAINT, COUNT IV, FAILS TO STATE A CAUSE OF ACTION UNDER THE CIVIL RIGHTS ACT OF 1871.

 The plaintiff in Count IV fails to specify which section of the Civil Rights Act the defendants have allegedly violated. The thrust of Count IV of the complaint is that the defendants deprived the plaintiff of his civil rights by denying the plaintiff a building permit. This denial was due to a resolution of the Park City City Council based on the plaintiff's prior and continuing violations of city ordinances. Whether the plaintiff intended the allegations of Count IV to be a violation of 42 U.S.C. § 1983 or § 1985, it is clear to this Court that he has failed to state a Civil Rights Act violation. The denial of a building permit by a city is not *per se* a violation of the Civil Rights Act. Elmwood Properties Inc. v. Conzelman, *supra.* Further, the Civil Rights Act was never intended to displace state remedies or to usurp the legitimate use of a municipality's local police power in zoning. Mosher v. Beirne, *supra;* Wallach v. City of Pagedale, *supra;* Smith v. Village of Lansing, *supra.* Thus Count IV of the complaint should be dismissed.

---

4. Section 1985 provides, in relevant part:

"(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . . ."

The plaintiff in the complaint and the amendment thereto has failed to state a civil rights violation under 42 U.S.C. § 1983 or § 1985.

Accordingly, it is hereby ordered that the defendants' motion to dismiss is granted.