Juan LAURALES; James Swan; J. P. Jones and The Concerned Patrons of Desha County District # 4, Appellants,

v.

DESHA COUNTY SCHOOL DISTRICT # 4 OF SNOWLAKE; Arron Hunter, Willie Hall, E. E. Hoover, Martin Woods, C. C. Stuart and B. H. Williamson, individually and in its and their official capacity; J. L. Britt Estate, Jeffie Lee Britt and James Tucker, Executor, Appellees.

No. 80-1093.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1980.

Decided Oct. 20, 1980.

L. T. Simes, II, West Helena, Ark., for appellants.

David Solomon, Helena, Ark., for appellees.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and NANGLE, District Judge.[*]

PER CURIAM.

Juan Laurales, James Swan, J. P. Jones, and The Concerned Patrons of Desha County District # 4 (hereinafter, plaintiffs) appeal from an order of the district court[1] dismissing a complaint against the Desha County School District # 4 of Snowlake, Arkansas and its Board members (hereinafter, Snowlake District or defendants) for letting bids and selling school property after another complaint was brought by plaintiffs in state court. That suit, filed in the Chancery Court of Desha County on June 14, 1979, challenged the constitutionality of the Arkansas Quality Education Act of 1969, Ark.Stat.Ann. § 80-4601 et seq. and sought an injunction to restrain the closing, consolidation and annexation of the school under the Act.

By resolution of May 21, 1979, effective as of July 1, 1979, the Snowlake School system merged into the contiguous Elaine School system of Phillips County, Arkansas. On June 22, 1979, the School Board advertised the sale of the school's physical plant. On June 29, 1979, the bid of the defendant Britt Estate was accepted and a deed conveying the property to the estate was filed.

Following a hearing on July 18, 1979, the Desha County Chancery Court denied plaintiffs' motion for preliminary injunctive relief on the grounds that the consolidation had been completed and the property sold.[2]

---

[*] The Honorable JOHN F. NANGLE, United States District Judge for the Eastern District of Missouri, sitting by designation.

[1] The Honorable William R. Overton, Judge of the United States District Court for the Eastern District of Arkansas.

[2] The plaintiffs did not seek a temporary restraining order enjoining the sale of the proper-

On August 13, 1979, plaintiffs filed the instant suit in federal court, alleging that the defendants had maliciously acted to frustrate the state court action by selling the property so as to deprive plaintiffs of their constitutional right to attend school in Snowlake, Arkansas. Plaintiffs requested injunctive relief, actual and punitive damages, and attorney's fees. In their answer to the complaint, defendants alleged, *inter alia*, that the plaintiffs failed to state a claim upon which relief could be granted, Fed.R.Civ.P. 12(b)(6).

The district court dismissed the complaint for failure to state a cause of action, holding that the mere "filing of a lawsuit does not require the parties to stop everything" and that "[t]he sale of the property does not constitute a violation of plaintiff's constitutional rights * * * to free speech, press, and association."

Our review of the district court's dismissal is governed by the following standards: [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

> \* \* \* \* \* \*

[A] complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory. Nor should a complaint be dismissed that does not state with precision all elements that give rise to a legal basis for recovery. Finally, a complaint should not be dismissed merely because the court doubts that a plaintiff will prevail in the action. That determination is properly made on the basis of proof and not merely on the pleadings.

The question, therefore, is whether in the light most favorable to the plaintiff, the complaint states any valid claim for relief. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.

*Garland v. St. Louis*, 596 F.2d 784, 787 (8th Cir. 1979), *quoting Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir.) (citations omitted), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1978).

We agree with the district court that the plaintiff has failed to state a claim for which relief may be granted. Fed.R.Civ.P. 12(b)(6). The mere sale of the real estate in this case does not rise to the level of a constitutional deprivation under the first, fourth, fifth and fourteenth amendments or under 42 U.S.C. §§ 1981, 1983, or 1985,[3] as

ty or file a *lis pendens* pursuant to Ark.Stat. Ann. § 27–501 (Repl.1979) to give constructive notice that litigation was pending that might affect the title to the property.

**3.** Plaintiffs' complaint briefly alleged that defendants' actions constituted a conspiracy to deprive them of their civil rights and of equal protection of the laws. 42 U.S.C. § 1985(3) provides an action for one who has suffered a deprivation of equal protection of the laws:

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws * * * the party so injured or deprived may have an action for the recovery of damages * * *."

A claim for deprivation of equal protection is stated under section 1985(3), however, only where there has been "purposeful discrimination," *see, e. g., Elmwood Properties, Inc. v. Conzelman*, 418 F.2d 1025, 1028 (7th Cir. 1969). The record discloses no facts or allegations to support a claim of purposeful discrimination by the defendants against the plaintiffs.

Nor do the complaint and record in this case state a claim for relief for conspiracy. Under 28 U.S.C. § 1343(1):

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42; * * *.

The record discloses nothing more than the conclusory allegation that a conspiracy among

alleged in the complaint.[4] While the Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief * * *," Fed.R.Civ.P. 8(a)(2), "if the facts, alleged or assumed within the framework of the complaint, show that the claim is without merit, summary dismissal of the complaint for failure to state a claim is appropriate." *Hungate v. United States,* 626 F.2d 60, 62 (8th Cir. 1980). Plaintiffs' conclusory allegations of a deprivation of constitutional rights, as supported by the facts of record, are inadequate to state a cognizable claim and it "appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80'(1957).

Finding that the complaint and record before us fails to state a claim for which relief may be granted, we affirm the judgment of the district court dismissing this complaint.

defendants has deprived plaintiffs of their civil rights, purportedly through the sale of the school property while state action was pending. "[W]hile Rule 8 demands only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in a pleading of conspiracy it is important that within the pleader's ability to do so, and without going into unnecessary detail, the opposing party be informed of the nature of the conspiracy charged, to which he may adequately plead. It is not enough merely to state," as the plaintiffs have in this case, "that a conspiracy has taken place." *See* 2A Moore's Federal Practice, ¶ 8.17[5] (footnote omitted).

4. Even a decision in the pending state court action determining that the dissolution of De-

sha County School District # 4 and its annexation to the Elaine School District was improper would not render the claim before us meritorious. Snowlake School District operations are not dependent on the ownership of any particular parcel of land and property rights in real estate are not inextricably intertwined with the opportunity to acquire equal educational opportunities in Desha County. Hence, the sale of the school property could not, in itself, constitute a deprivation of plaintiffs' rights to equal educational opportunities, should the state court find the Arkansas Quality Education Act of 1969 unconstitutional. The constitutionality of the Arkansas Quality Education Act of 1969, challenged in the state court proceedings, is not before us.